| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | DARALYN J. DURIE - #169825 |
| 2 | DAVID J. SILBERT - #173128 |
| | 710 Sansome Street |
| 3 | San Francisco, CA  94111-1704 |
| | Telephone:  (415) 391-5400 |
| 4 | Facsimile:  (415) 397-7188 |
| | ddurie@kvn.com |
| 5 | dsilbert@kvn.com |

Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

In re

ACACIA MEDIA TECHNOLOGIES CORPORATION

Case No. C-05-01114 JW

MOTION TO SET BRIEFING SCHEDULE FOR MOTION FOR RECONSIDERATION
(CIVIL L.R. 7-11)

Judge:    Honorable James Ware

## I. INTRODUCTION

Defendants[1] bring this motion to set a briefing schedule for the Motion for Reconsideration that is set for hearing on September 8 and 9, 2005. At the June 14 Case Management Conference, the Court directed the parties to meet and confer on a briefing schedule. They did so, and agreed to dates to file opening briefs, oppositions, and reply briefs; a deadline to depose experts; and other dates. After the Court issued its June 21 Order Following Case Management Conference, however, Acacia took the position that the Court wants no briefing on claim construction. In Acacia's view, because the June 21 Order sets dates for Patent Local Rule 4-1, 4-2, and 4-3 statements, but not for claim-construction briefs, the Court has effectively ordered the parties not to file any briefs at all.[2]

Defendants read the Order differently. Nowhere does it say that the parties should not file briefs. Instead, it sets dates for certain disclosures and submissions, but leaves the briefing schedule open since the Court had already directed the parties to confer and stipulate to a schedule. Defendants also believe that dispensing with briefing on such critical and complex issues would prejudice both the parties and the Court.

Efforts to resolve this disagreement have proved fruitless. Acacia contends that the Court has ruled, and thus that no briefing schedule can now be set unless defendants request one by a formal motion.[3] Accordingly, we are doing so.

## II. BACKGROUND

After the June 14 Case Management Conference, the parties diligently followed the Court's direction to meet and confer on a suitable briefing schedule for the Motion for

---

[1] The following defendants have notified Comcast's counsel that they join in this motion: The DirecTV Group, Inc.; Echostar Satellite LLC; Echostar Technologies Corporation; Echostar Communications Corporation; Coxcom, Inc.; Mediacom Communications, Corp.; Charter Communications, Inc.; Cable One, Inc.; Cebridge Communications; AP Net Marketing, Inc.; ICS, Inc.; Cable America Corp.; New Destiny Internet Group, LLC; Audio Communications; VS Media, Inc.; Ademia Multimedia, LLC; Adult Entertainment Broadcast Network; Cyber Trend Inc.; Lightspeedcash; Adult Revenue Services; Innovative Ideas International; Game Link Inc.; Club Jenna, Inc.; CJ, Inc.; Global AVS, Inc.; ACMP LLC; and Cybernet Ventures Inc. *See* Declaration of David J. Silbert ("Silbert Decl.") ¶ 10.

[2] Silbert Decl. ¶ 6 and Ex. 4.

[3] Silbert Decl. ¶ 7.

Reconsideration. Acacia proposed a schedule on the afternoon of June 14.[4] Defendants held a conference call to discuss Acacia's proposal on the morning of June 15, then held a call with Acacia that afternoon.[5] In that call, the parties agreed to a schedule under which they would file opening briefs on July 11, opposition briefs on August 15, and post-hearing reply briefs on September 23.[6] Acacia circulated a draft stipulation incorporating this schedule on the following evening, Thursday, June 16.[7]

On Friday and Monday, defendants exchanged emails among themselves concerning revisions to certain language in Acacia's draft stipulation.[8] A group of defendants set a conference call for Tuesday to finalize the stipulation and discuss other matters relating to the Motion for Reconsideration.[9] On that Tuesday, however, the Court issued its Order Following Case Management Conference.[10] Acacia contends that, by this Order, "the Court has set its own schedule"—one without any briefing—and that "our earlier efforts to stipulate to a schedule for all briefing have now been superceded and mooted."[11]

The June 21 Order sets deadlines for the parties to exchange and file Proposed Terms and Claim Elements for Construction under Patent L.R. 4-1, Preliminary Claim Constructions and Extrinsic Evidence under Patent L.R. 4-2, and a Joint Claim Construction Statement and Prehearing Statement under Patent L.R. 4-3.[12] It is silent on the subject of claim-construction briefs.[13] The Court has made no other statement or ruling suggesting that it prefers to hear the Motion for Reconsideration without any briefing.

---

[4] Silbert Decl. ¶ 2 and Ex. 1.
[5] Silbert Decl. ¶ 3.
[6] *Id.*
[7] Silbert Decl. ¶ 3 and Ex. 2.
[8] Silbert Decl. ¶ 4.
[9] *Id.*
[10] Silbert Decl. ¶ 4 and Ex. 3.
[11] Silbert Decl. Ex. 4.
[12] Silbert Decl. Ex. 3.
[13] *Id.*

Acacia notified defendants of its position that no briefs should be filed on July 6.[14] On that day, counsel for Comcast contacted Acacia's counsel to say that defendants would shortly be forwarding a revised stipulation that incorporated the dates in the Court's June 21 Order and contained revisions to certain language in Acacia's draft.[15] Comcast's counsel also asked whether Acacia would be amenable to a small modification to the agreed schedule, under which the parties would file opening briefs on July 18 (instead of July 11) and opposition briefs on August 18 (instead of August 15). In response, Acacia's counsel said that, because the June 21 Order sets certain dates but no briefing schedule, Acacia believes that no briefs should be filed.[16] Acacia subsequently set forth its position in a letter.[17]

The following day, defendants tried to negotiate a compromise with Acacia, without success.[18] In those discussions, Acacia notified counsel for Comcast that, in its view, any briefing schedule would be a "change" to the dates that the Court set in the June 21 Order, and thus, under that Order, no schedule can now be set without the filing of a formal motion.[19]

### III.  ARGUMENT

The Court should require the parties to file briefs. The Motion for Reconsideration raises critical issues on which the parties should have a full opportunity to be heard. Indeed, allowing newly added parties to have that opportunity was a principal reason that the Court gave for inviting the Motion. Moreover, defendants expect that the issues presented by the Motion for Reconsideration will turn largely on legal argument, not expert testimony. Indeed, Acacia has already announced that it intends to seek reconsideration of the Court's construction of five terms, only two of which the Court previously held to be indefinite.[20]

---

[14] Silbert Decl. ¶¶ 5 and 6.
[15] Silbert Decl. ¶ 6.
[16] *Id.*
[17] Silbert Decl. Ex. 4.
[18] Silbert Decl. ¶ 7.
[19] *Id.*
[20] Silbert Decl. Ex. 5. The Federal Circuit's recent pronouncement on claim construction in *Phillips v. AWH Corp.*, __ F.3d __ (Fed. Cir. 2005), further reinforces the importance of intrinsic evidence, on which the parties must present argument, and the limited role played by extrinsic

3
MOTION TO SET BRIEFING SCHEDULE
CASE NO. C-05-01114 JW

354880.01

1   The June 21 Order does not reject briefing. It does not address briefing at all, presumably because the Court had already directed the parties to work out a briefing schedule among themselves. Nor are the disclosures that the June 21 Order does address a substitute for briefs. As the Court is aware, Patent L.R. 4-1, 4-2, and 4-3 disclosures are summaries that are meant to be served in conjunction with claim-construction briefs, not full-fledged legal arguments in themselves. For this reason, Patent L.R. 4-5 requires a full course of claim-construction briefing in addition to Rule 4-1, 4-2, and 4-3 disclosures.

The briefing schedule that the parties initially agreed to made eminent sense. It provided for opening briefs accompanied by declarations from any experts; a suitable time to prepare opposition briefs, including time for opposing experts to prepare rebuttal declarations; and then depositions of both sides' experts in advance of the September 8 and 9 hearing. It then provided for post-hearing reply briefs in which the parties would present their final arguments, including arguments from the testimony at the hearing.

Because Acacia will no longer agree to such a schedule—or to the filing of briefs at all— the Court should impose a schedule. Defendants respectfully request the following schedule, which still leaves Acacia ample time to prepare an opening brief, and which preserves the benefits of the schedule that the parties initially agreed to:[21]

| July 25, 2005: | Last day to file and serve opening briefs including expert declarations |
| July 29, 2005: | Last day to serve on all other parties Proposed Terms and Claim Elements for Construction pursuant to Patent L.R. 4-1 and Preliminary Claim Construction and Extrinsic Evidence pursuant to Patent L.R. 4-2 |
| August 22, 2005: | Last day to file and serve opposition briefs including rebuttal expert declarations |

---

evidence such as expert testimony. *See* Silbert Decl. Ex. 6 (slip opinion) at 18-21.

[21] Contrary to Acacia's assertion, this proposed schedule does not change any date that the Court set in the June 21 Order. It merely sets additional dates that the June 21 Order does not address.

| | | |
|---|---|---|
| August 25, 2005: | Last day to file Joint Claim Construction Statement and Prehearing Statement pursuant to Patent L.R. 4-3 | |
| September 2, 2005: | Last day to complete expert depositions | |
| September 8 and 9, 2005: | Hearing | |
| September 23, 2005: | Last day to file reply briefs | |

## IV.  CONCLUSION

Briefing is essential to give due consideration to the issues that the Motion for Reconsideration will raise. For the reasons stated above, defendants respectfully request that the Court enter the [Proposed] Order Setting Briefing Schedule filed herewith.


Dated: July 12, 2005　　　　　　　　　　　KEKER & VAN NEST, LLP


　　　　　　　　　　　　　　　　　　By:  /s/ David J. Silbert
　　　　　　　　　　　　　　　　　　　　DAVID J. SILBERT
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　	　　　　　　　　　　　　　　　　COMCAST CABLE COMMUNICATIONS, LLC