KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
DAVID J. SILBERT - #173128
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
ddurie@kvn.com
dsilbert@kvn.com

Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ACACIA MEDIA TECHNOLOGIES CORPORATION | Case No. C-05-01114 JW<br><br>DECLARATION OF DAVID J. SILBERT<br><br>Judge: Honorable James Ware |

I, David J. Silbert, declare that the following is true:

1. I am an attorney licensed to practice in the State of California and before this Court. I am a partner in the law firm of Keker & Van Nest, LLP, counsel for defendant Comcast Cable Communications, LLC in these coordinated actions. I make this declaration of my own personal knowledge, and if called to do so, I would testify to these facts under oath.

2. At the June 14, 2005 Case Management Conference, the Court directed the parties to meet and confer on a briefing schedule for the Motion for Reconsideration set for hearing on September 8 and 9, 2005. On the afternoon of June 14, Acacia sent a letter to defense counsel proposing a schedule. A true and correct copy of that letter is attached hereto as Exhibit 1.

3. On the morning of June 15, defendants held a conference call to discuss Acacia's proposal. That afternoon, a group of defendants held a call with counsel for Acacia. In that call, the parties agreed to a schedule under which they would file opening briefs on July 11, opposition briefs on August 15, and post-hearing reply briefs on September 23. Acacia's counsel offered to circulate a draft stipulation incorporating the parties' agreed schedule, which they did by email on the following evening, Thursday, June 16. A true and correct copy of that email and draft stipulation are attached hereto as Exhibit 2.

4. On Friday and Monday, defendants exchanged emails among themselves concerning revisions to certain language in Acacia's draft stipulation. A group of defendants set a conference call for Tuesday to finalize the stipulation and discuss other matters relating to the Motion for Reconsideration. On that Tuesday, June 21, the Court issued its Order Following Case Management Conference. A true and correct copy of that Order is attached hereto as Exhibit 3.

5. I spoke to Acacia's counsel several times shortly after the June 21 Order issued, but we did not specifically discuss the draft stipulation. Instead, we discussed defendants' desire to seek clarification of the June 21 Order, because it directed the parties to address more issues in the Motion for Reconsideration than what defendants had understood in agreeing to the schedule for the Motion. Ultimately, defendants filed a Motion for Clarification, and the Court issued an Order Clarifying the Court's June 21 Order Following Case Management Conference on June

1

27.

6. On July 6, I contacted counsel for Acacia to say that I would shortly be forwarding a revised stipulation which proposed revisions to certain language in Acacia's draft. I also advised counsel for Acacia that certain defendants wanted to adjust the agreed schedule slightly—making opening briefs due July 18 instead of July 11, and opposition briefs due August 18 instead of August 15—and asked whether Acacia would be amenable to this change. In response, Acacia's counsel told me that, in Acacia's view, the parties should not file briefs at all because the Court had not asked for briefs in its June 21 Order. Acacia subsequently set forth its position in a letter, a true and correct copy of which is attached hereto as Exhibit 4.

7. On the morning of July 7, after discussing Acacia's position with defense counsel, I called Acacia's counsel again to determine whether the parties could reach a compromise. That afternoon, Acacia's counsel called back to say that Acacia would not agree to defendants' proposed compromise. In that conversation, Acacia's counsel reiterated Acacia's position that any briefing schedule would be a "change" to the dates that the Court set in the June 21 Order, and thus, under that Order, a briefing schedule could be set only by formal motion.

8. Attached hereto as Exhibit 5 is true and correct copy of Acacia's List of Issues for Reconsideration and an Evidentiary Hearing, filed on June 21, 2005.

9. Attached hereto as Exhibit 6 is a true and correct copy of the Federal Circuit's slip opinion in *Phillips v. AWH Corp.*, which I downloaded today from the Federal Circuit's website, http://fedcir.gov/dailylog.html.

10. Counsel for the following defendants have notified me that they join in the Motion to Set a Briefing Schedule for the Motion for Reconsideration filed concurrently with this declaration: The DirecTV Group, Inc.; Echostar Satellite LLC; Echostar Technologies Corporation; Echostar Communications Corporation; Coxcom, Inc.; Mediacom Communications, Corp.; Charter Communications, Inc.; Cable One, Inc.; Cebridge Communications; AP Net Marketing, Inc.; ICS, Inc.; Cable America Corp.; New Destiny Internet Group, LLC; Audio Communications; VS Media, Inc.; Ademia Multimedia, LLC; Adult Entertainment Broadcast Network; Cyber Trend Inc.; Lightspeedcash; Adult Revenue Services;

Innovative Ideas International; Game Link Inc.; Club Jenna, Inc.; CJ, Inc.; Global AVS, Inc.; ACMP LLC; and Cybernet Ventures Inc.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 12, 2005 in San Francisco, California.

/s/<br>
DAVID J. SILBERT