HENNIGAN, BENNETT & DORMAN LLP
RODERICK G. DORMAN (SBN 96908)
ALAN P. BLOCK (SBN 143783)
KEVIN SHENKMAN (SBN 223315)
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Phone: (213) 694-1200
Fax: (213) 694-1234
dormanr@hbdlawyers.com
blocka@hbdlawyers.com
shenkmank@hbdlawyers.com

Attorneys for Plaintiff
ACACIA MEDIA TECHNOLOGIES CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ACACIA MEDIA TECHNOLOGIES CORPORATION | Case No. 05 CV 01114 JW<br><br>**PLAINTIFF ACACIA MEDIA TECHNOLOGIES CORPORATION'S OPPOSITION TO DEFENDANTS' "SO-CALLED" MOTION TO SET BRIEFING SCHEDULE FOR MOTION FOR RECONSIDERATION**<br><br>Date: None Set by Moving Parties<br>Time: None Set by Moving Parties<br>Ctrm: Hon. James Ware |

## I. INTRODUCTION

Plaintiff Acacia Media Technologies Corporation ("Acacia") hereby opposes Defendants' Motion to Set Briefing Schedule on three grounds.

First, the Court's June 21, 2005 Order fully permits the parties to present any legal briefing that any party deems relevant in submissions to be filed on the dates already set by the Court.

Second, there is not now and has never been any stipulated briefing schedule and defendants know this. No final agreement was ever reached due to defendants own dilatory conduct that caused the Court's June 21, 2005 Order to supersede the parties' efforts to stipulate to a briefing schedule.

Lastly, defendants' motion fails to comply with the requirements of Local Rule 7-2 for properly noticed motions and expressly violates this Court's recent order.

## II. THE PARTIES CAN EXCHANGE THEIR LEGAL ARGUMENTS IN SUBMISSIONS REQUIRED ON THE DATES SET BY THE COURT

In its June 21, 2005 Order, the Court invited "any party who wishes to file a Motion for Reconsideration of the Court's Markman Order issued on July 12, 2004 to do so in accordance with the schedule set forth below." (June 21, 2005 Order, at 2:5-7; Exhibit E to accompanying Block Decl.). The Court's schedule requires that, by July 29, 2005, the parties shall exchange the disclosures required by Patent Local Rules 4-1 and 4-2. By August 25, 2005, the parties shall file the Joint Claim Construction Statement and Prehearing Statement required by Patent Local Rule 4-3. Nowhere does the Court indicate that the briefing of legal issues can not be included in the Court ordered submissions, and nowhere does the Court order the parties to stipulate to a briefing schedule.[1]

---

[1] The same is true of the Court's Minute Order issued on June 15, 2005. In the Minute Order, the Court did not order the parties to meet and confer and stipulate to a briefing schedule. Consistent with the Court's June 21, 2005 Order, however, the Court did order the parties to file a joint statement no later than August 25, 2005.

Acacia intends to include their new legal arguments when making their disclosures pursuant to the Patent Local Rules according to the schedule set by the Court. (Block Decl., ¶ 9). Acacia's counsel communicated this to defendants' counsel both in a conversation on July 6, 2005 and in a letter of July 7, 2005. (Block Decl., ¶ 9; Exhibit D).

## III. DEFENDANTS' OWN DILATORY CONDUCT CAUSED THE COURT'S ORDER TO SUPERSEDE THE PARTIES' ATTEMPT TO STIPULATE TO A BRIEFING SCHEDULE

Immediately following the June 14, 2005 case management conference, Acacia's counsel prepared a proposal to defendants for a briefing schedule and e-mailed the proposal to defendants' counsel. (Block Decl., ¶ 2; Exhibit A). Counsel for the parties had agreed to discuss the proposal that next day, which counsel did. (Block Decl., ¶ 3). During the conference call on June 15, 2005, defendants' counsel made counter-proposals to Acacia's schedule. (Id.) Acacia's counsel agreed to incorporate some of defendants' proposals and to add some additional proposals, which defendants' counsel wanted to further consider. (Id.)

The next day, on June 16, 2005, Acacia's counsel timely circulated a draft stipulation for defendants' counsel to review. (Block Decl., ¶ 4; Exhibit C). Contrary to defendants' assertions in their motion, it was clear from Acacia's counsel's accompanying e-mail that the draft stipulation was not yet an agreement until defendants' counsel addressed undisclosed, unresolved issues and provided their approval:

> It [the draft stipulation] incorporates the terms we discussed yesterday, however, I understand that defendants may still have some proposed changes for our consideration. Please provide us with your comments, or, if you approve of the stipulation, please provide a responsive e-mail providing me with authorization to sign on your behalf.

(Block Decl., ¶ 4; Exhibit C).

No defendant has ever provided their approval of the stipulation, and therefore the parties have no agreement on a briefing schedule. (Block Decl., ¶ 6). Defendants know that the draft stipulation had never become an agreement between the parties. This is evident from defendants own behavior. In the draft stipulation, each defendant was supposed to provide Acacia with its statement of issues to be reconsidered by July 6, 2005. (Block Decl., ¶ 7; Exhibit C). No defendant to this date has provided Acacia with a list of [2] issues that it wants to have reconsidered. (Id.)

It was not until *twenty days after* Acacia sent defendants' counsel its proposed stipulation that any defendant even communicated with Acacia regarding the draft stipulation. (Block Decl., ¶ 8). On July 6, 2005, counsel for Comcast called to ask if the dates for exchanging opening briefs and opposition briefs which were set forth in the draft stipulation could be extended by one week. (Id.) Acacia refused, because the Court's schedule superseded the draft stipulation that had been proposed. (Block Decl., ¶ 8; Exhibit D).

In the meantime, while defendants were not communicating with Acacia regarding the draft stipulation that Acacia had provided, the Court issued its June 21 Order setting forth the schedule for the Motion for Reconsideration. (Block Decl., ¶ 11; Exhibit E). Had defendants provided their approval of the draft stipulation or even provided comments to Acacia any time between June 16 and June 21, the parties

---

[2] Although not required by any agreement with defendants, Acacia provided defendants with its list of terms on which Acacia seeks reconsideration on June 14. (Block Decl. ¶ 13. On June 29, Acacia provided each defendant with Acacia's infringement contention information required by Patent Local Rule 3-1 for the '992 and '702 patents. (Id.) When counsel for Acacia and Comcast spoke on July 6, Acacia's counsel asked when defendants would be providing their list of terms to be reconsidered. (Block Decl., ¶ 10). Comcast's counsel stated that defendants had still not decided what terms any defendant would seek reconsideration of and stated that he thought that defendants might provide Acacia with their list by July 13. (Id.) Acacia's counsel stated that, if Acacia was to comply with Patent Local Rule 4-2 by July 29, which requires the parties to address all of the claim terms to be construed, it would need to receive defendants' list soon. (Id.)

could have entered a stipulation for a briefing schedule before the Court issued its scheduling order. Defendants did not, and now they only have themselves to blame for there not being a stipulated briefing schedule.

Defendants have not even explained why they did not ask the Court for a briefing schedule earlier. The Court's Order issued *twenty-one days ago* on June 21. This is not the first motion that defendants have brought regarding the June 21 Order. (Block Decl., ¶ 12). On June 24, defendants moved for clarification of the June 21 Order regarding whether additional terms from the '992 and '702 patents would be included at the September 8 and 9 hearing. (Id.) Defendants could have, but did not, ask Acacia or the Court for a briefing schedule when they discussed this issue with Acacia and when they first sought clarification from the Court. Even after the Court clarified the June 21 Order on June 27, defendants still did not raise the issue of the briefing schedule with Acacia until *nine days later* on July 6. (Block Decl., ¶ 8).

## IV. DEFENDANTS' MOTION FAILS TO COMPLY WITH THE LOCAL RULE 7-2 REQUIREMENTS FOR MOTIONS AND EXPRESSLY VIOLATES THIS COURT'S JUNE 21 ORDER

In its June 21, 2005 Order, the Court required that: "[n]one of the dates set in this Order may be changed without an order of the Court made after a motion is duly filed and made *pursuant to the Local Rules of this Court*." (June 21, 2005 Order, at 2:24-25).

Defendants' motion has not been noticed for a hearing and therefore it does not comply with Local Rule 7-2, or with the Court's June 21 Order. N.D. Cal. Local Rule 7-2(a) states that: "[e]xcept as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of trial or hearing, all motions must be filed, served, and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." Additionally, pursuant to Local Rule 7-2(b), defendants' motion does not

include the required information, such as a first paragraph stating the notice of the motion or the second paragraph providing the concise statement of relief.

Defendants appear to even acknowledge that their motion does not comply with Local Rule 7-2. In the caption of their motion, defendants make reference to "Civil L.R. 7-11." Local Rule 7-11 applies to Stipulations, not to motions: "[e]very stipulation requesting judicial action must be in writing signed by all affected parties or their counsel." Defendants' so-called motion clearly is not a stipulation.

## V. CONCLUSION

For the foregoing reasons, Acacia respectfully requests that the Court deny defendants' motion for a briefing schedule.

DATED: July 13, 2005

HENNIGAN BENNETT & DORMAN LLP

By     /s/
    Roderick G. Dorman
    Alan P. Block
    Kevin I. Shenkman
Attorney for Plaintiff
ACACIA MEDIA TECHNOLOGIES CORPORATION

**PROOF OF SERVICE-UNITED STATES DISTRICT COURT**

STATE OF CALIFORNIA,  )
                      ) SS.
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California 90017.

    On **July 13, 2005**, I served the foregoing document described as **PLAINTIFF ACACIA MEDIA TECHNOLOGIES CORPORATION'S OPPOSITION TO DEFENDANTS' "SO-CALLED" MOTION TO SET BRIEFING SCHEDULE FOR MOTION FOR RECONSIDERATION** by transmitting via United States District Court for the Central District of California Electronic Case Filing Program the document(s) listed above by uploading the electronic files for each of the above listed document(s) on this date, addressed as set forth on the **attached Service List**.

    The above-described document was also transmitted to the parties indicated below, by Federal Express only.

Chambers of the Honorable James Ware
Attn: Regarding Acacia Litigation
280 South First Street
San Jose, CA 95113
*3 copies*

    I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of this bar of this court at whose direction the service was made.

    Executed on **July 13, 2005**, at Los Angeles, California.

                                                 /s/
                                        Sylvia A. Berson

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

**SERVICE LIST**

| | |
|---|---|
| Juanita R. Brooks<br>Todd G. Miller<br>Fish & Richardson<br>12390 El Camino Real<br>San Diego, California 92130-2081<br>*Counsel for:*<br>*New Destiny Internet Group LLC; Audio Communications; VS Media Inc.; Ademia Multimedia LLC; Adult Entertainment Broadcast Network; Cyber Trend Inc.; Lightspeedcash; Adult Revenue Services; Innovative Ideas International; Game Link Inc.; Club Jenna Inc.; CJ Inc.; Global AVS Inc.; ACMP LLC; Cybernet Ventures Inc.* | Jonathan E. Singer<br>William R. Woodford<br>Fish & Richardson<br>60 South Sixth Street, Suite 3300<br>Minneapolis, Minnesota 55402<br>*Counsel for:*<br>*New Destiny Internet Group LLC; Audio Communications; VS Media Inc. ; Ademia Multimedia LLC; Adult Entertainment Broadcast Network; Cyber Trend Inc.; Lightspeedcash; Adult Revenue Services; Innovative Ideas International; Game Link Inc.; Club Jenna Inc.; CJ Inc. ; Global AVS Inc.; ACMP LLC; Cybernet Ventures Inc.* |
| Victor De Gyarfas<br>William J. Robinson<br>Foley & Lardner<br>2029 Century Park E, 35th Floor<br>Los Angeles, California 90067<br>*Counsel for:*<br>*International Web Innovations, Inc.* | Gary A. Hecker<br>James Michael Slominski<br>Hecker Law Group<br>1925 Century Park East, Suite 2300<br>Los Angeles, California 90067<br>*Counsel for:*<br>*Offendale Commercial Limited BV* |
| Mark D. Schneider<br>Gifford, Krass, Groh, Sprinkle, Anderson and Citkowski<br>280 N. Old Woodward Avenue, Suite 400<br>Birmingham, Michigan 48009-5394<br>*Counsel for:*<br>*Askcs.com Inc.* | Dan Fingerman<br>Mount & Stoelker, P.C.<br>River Park Tower, 17th Floor<br>333 W. San Carlos St.<br>San Jose, CA 95110<br>*Counsel for:*<br>*Askcs.com Inc.* |
| David Allen York<br>Latham & Watkins<br>135 Commonwealth Drive<br>Menlo Park, California 94025<br>*Counsel for:*<br>*AP Net Marketing Inc.; ICS Inc.* | Rachel Krevans<br>Jason A. Crotty<br>Paul A. Friedman<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>*Counsel for:*<br>*Echostar Satellite LLC; Echostar Technologies Corporation; Echostar Communications Corporation* |
| Annemarie A. Daley<br>Stephen P. Safranski<br>Robins Kaplan Miller & Ciresi LLP<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, Minnesota 55402<br>*Counsel for:*<br>*Coxcom, Inc.; Hospitality Network, Inc.* | Richard R. Patch<br>J. Timothy Nardell<br>Coblentz, Patch, Duffy & Bass LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111-4213<br>*Counsel for:*<br>*Coxcom, Inc.; Hospitality Network, Inc.* |

| | | |
|---|---|---|
| 1 | Jeffrey H. Dean<br>Kevin D. Hoag | William R. Overend<br>Morgan D. Tovey |
| 2 | Bradford P. Lyerla<br>Carl E. Myers | Reed Smith Crosby Heafey<br>Two Embarcadero Center, Suite 2000 |
| 3 | Marshall Gerstein & Borun LLP<br>6300 Sears Tower | San Francisco, California 94111<br>*Counsel for:* |
| 4 | 233 South Wacker Drive,<br>Chicago, Illinois 60606 | ***Charter Communications, Inc.*** |
| 5 | *Counsel for:*<br>***Charter Communications, Inc.;*** | |
| 6 | ***Armstrong Group; East Cleveland TV***<br>***and Communications LLC; Massillon*** | |
| 7 | ***Cable TV, Inc.; Wide Open West, LLC*** | |
| 8 | Daralyn J. Durie<br>Joshua H. Lerner | Maria K. Nelson<br>Victor G. Savikas |
| 9 | David J. Silbert<br>Keker & Van Nest LLP | Jones Day Reavis & Pogue<br>555 West Fifth Street, Suite 4600 |
| 10 | 710 Sansome Street<br>San Francisco, California 94111 | Los Angeles, California 90013-1025<br>*Counsel for:* |
| 11 | *Counsel for:*<br>***Comcast Cable Communications, LLC*** | ***DirecTV Group, Inc.*** |
| 12 | | |
| 13 | Stephen E. Taylor<br>Taylor & Co. Law Offices, Inc. | Mitchell D. Lukin<br>Baker Botts L.L.P. |
| 14 | One Ferry Building, Suite 355<br>San Francisco, California 94111 | One Shell Plaza<br>910 Louisiana |
| 15 | *Counsel for:*<br>***Mediacom Communications*** | Houston, Texas 77022<br>*Counsel for:* |
| 16 | ***Corporation*** | ***Mediacom Communications***<br>***Corporation*** |
| 17 | Jeffrey D. Sullivan | Rebecca Anne Bortolotti |
| 18 | Michael J. McNamara<br>Baker Botts L.L.P. | John Christopher Reich<br>Albert L. Underhill |
| 19 | 30 Rockefeller Plaza<br>New York, New York 10112 | Merchant & Gould<br>80 S. 8th Street, Suite 3200 |
| 20 | *Counsel for:*<br>***Mediacom Communications*** | Minneapolis, Minnesota 55402<br>*Counsel for:* |
| 21 | ***Corporation*** | ***Arvig Communications Systems;***<br>***Cannon Valley Communications, Inc.;*** |
| 22 | | ***Loretel Cablevision; Mid-Continent***<br>***Media, Inc.; Savage Communications,*** |
| 23 | | ***Inc.; Sjoberg's Cablevision, Inc.; US***<br>***Cable Holdings LP*** |
| 24 | Sean David Garrison<br>Robert Francis Copple | C. Mark Kittredge<br>Perkins Coie Brown & Bain PA |
| 25 | Lewis & Roca LLP<br>40 N. Central Avenue | P.O. Box 400<br>Phoenix, Arizona 85001-0400 |
| 26 | Phoenix, Arizona 85004-4429<br>*Counsel for:* | *Counsel for:*<br>***Cable One Inc.*** |
| 27 | ***Cable America Corp.*** | |
| 28 | | |

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| Troy Blinn Forderman<br>George Chun Chen<br>Bryan Cave LLP<br>2 N. Central Avenue, Suite 2200<br>Phoenix, Arizona 85004-4406<br>*Counsel for:*<br>*Cable System Service Inc.* | Gregory T. Spalj<br>Fabyanske Westra & Hart PA<br>800 LaSalle Avenue, Suite 1900<br>Minneapolis, Minnesota 55402<br>*Counsel for:*<br>*Cable System Service, Inc.* |
| Patrick J. Whalen<br>Spencer Fan Britt & Brown LLP<br>1000 Walnut Street, Suite 1400<br>Kansas City, Missouri 64106<br>*Counsel for:*<br>*NPG Cable Inc.* | Fritz Byers<br>520 Madison Avenue<br>Toledo, Ohio 43604<br>*Counsel for:*<br>*Block Communications, Inc.* |
| Clay K. Keller<br>Buckingham, Doolittle & Burroughs<br>50 South Main Street<br>Akron, Ohio 44308<br>*Counsel for:*<br>*Nelsonville TV Cable, Inc.* | Melissa G. Ferrario<br>Barry S. Goldsmith<br>Gary H. Nunes<br>Womble Carlyle Sandridge & Rice<br>8065 Leesburg Pike, Fourth Floor<br>Tysons Corner, VA 22182<br>*Counsel for:*<br>*Nelsonville TV Cable, Inc.* |
| Christopher B. Fagan<br>Fay Sharpe Fagan Minnich & McKee<br>1100 Superior Avenue, Seventh Floor<br>Cleveland, Ohio 44114-2518<br>*Counsel for:*<br>*Armstrong Group; East Cleveland TV and Communications LLC; Massillon Cable TV, Inc.; Wide Open West, LLC* | Stephen S. Korniczky<br>Paul Hastings Janofsky & Walker LLP<br>3579 Valley Centre Drive<br>San Diego, CA 92130<br>*Counsel for:*<br>*Cebridge Connections* |

493428\v2