Richard R. Patch (State Bar # 088049)
J. Timothy Nardell (State Bar # 184444)
COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Telephone: (415) 391-4800
Facsimile: (415) 989-1663

Annamarie A. Daley (*pro hac vice*)
Emmett McMahon (*pro hac vice*)
Stephen P. Safranski (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 349-4181

Attorneys for Defendants COXCOM, INC. and
HOSPITALITY NETWORK, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| IN RE ACACIA MEDIA TECHNOLOGIES CORPORATION | Case No. C05-01114-JW (HRL)<br><br>**DEFENDANTS' RESPONSE TO ACACIA MEDIA TECHNOLOGIES CORPORATION'S OBJECTIONS TO THE ORDER APPOINTING RAINER SCHULZ AS A TECHNICAL CONSULTANT**<br><br>**DATE:** N/A<br>**TIME:** N/A<br>**CTRM:** Hon. Howard R. Lloyd |

Defendants[1] hereby submit their joint response to Acacia Media Technologies Corporation's Objections to the Order Appointing Rainer Schulz as a Technical Consultant.

---

[1] The following defendants have notified CoxCom, Inc.'s and Hospitality Network, Inc.'s counsel that they join in this motion: The DirecTV Group, Inc.; Charter Communications, Inc.; Ademia Multimedia, LLC; AEBN, Inc.; Audio Communications, Inc.; Club Jenna, Inc.; Cyber Trend, Inc.; Cybernet Ventures, Inc.; ACMP, LLC; Game Link, Inc.; Global AVS, Inc.; Innovative Ideas International; Lightspeed Media Group, Inc.; National A-1 Advertising, Inc.; New Destiny Internet Group, LLC; VS Media, Inc; International Web Innovations and Comcast Cable Communications, LLC.

## I. INTRODUCTION

Although Acacia repeatedly professes support for the appointment of Mr. Rainer Schulz as a technical advisor for the Court and does not challenge the Court's authority to do so, it inappropriately seeks the re-designation of Mr. Schulz as a Rule 706 expert. Acacia currently asks the Court for this re-designation based on its unfounded speculation that the Court misused the technical advisor in issuing its July 2004 *Markman* Order, and that the Court will misuse the technical advisor in the future. Acacia's charges belie the Court's intended use of Mr. Schulz as articulated in its Order, which specifically prohibits Mr. Schulz from providing any evidence to the Court. (Block Decl., Ex. 1, Page 7) ("Mr. Schulz will make no written findings of fact and will not supply any evidence to the Court"). Acacia's objections, unsupported by evidence and cobbled together with false inferences, should be rejected.

## II. LEGAL ARGUMENT

### A. The Court's Proposed Order Appointing Rainer Schulz Is Consistent With Acacia's Prior Requests Regarding the Terms of Appointment of the Technical Advisor.

Acacia's current objections contradict its prior long-standing support for the Court's appointment of Mr. Schulz as a technical advisor.[2] In 2004, Acacia stipulated to the appointment of Mr. Schulz, although it proposed certain modifications to the terms of the Court's appointment order, each of which were adopted by the Court. (Block Decl., Ex. 2; Daley Decl., Ex. 1 at 2-3). Throughout that process, Acacia indicated no objection to the Court's preclusion of Mr. Schulz being called to testify as a witness in the case, despite the Court's reference to Federal Evidence Code Section 706, which the Court addressed and corrected in its June 21, 2005 Order Clarifying the Role of the Court's Technical Advisor, Mr. Rainer Schulz. (Block Decl., Ex. 1, Page 6). Acacia understood that Mr. Schulz would "serve as a consultant for the Court on the technology

---

[2] Acacia again challenges the very Order – appointing Mr. Rainer Schulz as a technical advisor to the court – it supported and had modified to its preference. Evidencing its prior support is Acacia's own statement to the Court: "Plaintiff does not object to the appointment of Mr. Schulz." (Daley Decl., Ex. 1 at 1). Acacia then sought changes to that Order, which the Court approved as requested. (Block Decl., Ex. 2, Page 11). Only after the Court determined in its *Markman* Order that the claim limitations "sequence encoder" and "identification encoder" may be indefinite, Acacia suddenly asserted that the Court's Order appointing Mr. Schulz was "unclear." (Block Decl., Ex. 9, page 64).

ROBINS, KAPLAN,
MILLER & CIRESI
L.L.P.

CASE NO. 05-CV-01114JW
MP3 20142444.1

2

RESPONSE TO ACACIA'S OBJECTIONS
TO APPOINTMENT OF RAINER SCHULZ

issues only involved in this case" and would be precluded from being examined by the parties. (*Id.*, Ex. 2, Page 10-11)

### B. Acacia's Proposal to Treat the Court's Technical Advisor as a Rule 706 Expert is Unnecessary.

Nevertheless, Acacia now seeks a new Order that Mr. Schulz be designated as a Rule 706 expert so that Acacia can force Mr. Schulz to disclose the nature and content of his communications to the court, and to be deposed. (Acacia's Mem. at 13). Acacia's own brief cites a Ninth Circuit decision in which the Court found proper a district court's refusal to allow the court-appointed technical advisor to be examined by or required to submit an expert report to the parties. (*Id.* at 8). *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Here, this is precisely what the Court has done; it has refused to allow the parties to depose Mr. Schulz. (Block Decl. at ¶ 5).

Acacia's speculation that the Court improperly considered opinion testimony of Mr. Schulz in preparation of its *Markman* Order ignores the Court's explicit statements to the contrary. (Acacia's Mem. at 11). The Court based its findings of indefiniteness of the claim limitations "sequence encoder" and "identification encoder" on intrinsic evidence, not extrinsic expert opinion. (Daley, Ex. 2 at 33:21-23) ("Because the term 'sequence encoder' does not appear in the specification of the claim, extrinsic evidence, such as expert testimony, may not be useful to the Court, as the intrinsic evidence appears unambiguous"); (*Id.* at 35:21-23) ("Thus, one of ordinary skill in the art would not understand the scope or bounds of the claim, when it is read in light of the specification rending the 'identification encoder' insolubly ambiguous."). Contrary to Acacia's arguments, the record reflects that the Court properly used Mr. Schultz as a consultant on the issues regarding the technology involved in the case in regard to the prior *Markman* analysis.[3]

Moreover, assuming *arguendo* that the Mr. Schulz did provide opinion testimony to the Court, and further assuming that the Court used such testimony in preparing its *Markman* Order,

---

[3] Defendants cite as additional support its Memorandum of Points and Authorities in Opposition to Acacia's Motion for Clarification and Modification of Order Appointing Technical Consultant dated February 28, 2005, which is available in the Block Declaration, Exhibit 10.

the Court has already granted Acacia a suitable remedy, reconsideration of the allegedly tainted *Markman* Order. Acacia has already been granted reconsideration of the claim construction of any term or terms previously construed in the July 2004 *Markman* Order. Furthermore, to assuage Acacia's concern of future misuse, the Court clarified in its Proposed Order of Appointment that "Mr. Schulz will make no written findings of fact and will not supply any evidence to the Court." (Block Decl., Ex. 1, Page 7).

Finally, Acacia's own brief relies on three cases, all of which hold that Rule 706 does not apply to technical advisors. (Acacia's Mem. at 8). *Assoc. of Mexican-American Educators*, 231 F.3d at 591; *Techsearch LLC v. Intel Corp.*, 286 F.3d 1360, 1378 (Fed. Cir. 2002); *FTC v. Enforma*, 362 F.3d 1204, 1213 (9th Cir. 2004). Given that Judge Ware has advised the parties that he has treated and will continue to treat Mr. Schulz as a technical advisor, there is no basis for Acacia to assert that Rule 706 applies or for its "solution" that is clearly contrary to Judge Ware's Order.

The Court's explicit statements in its *Markman* Order evidence no reliance on testimony from Mr. Schulz in the past, and the Court's Proposed Order of Appointment makes clear the Court's intention to explicitly preclude such evidence. Acacia's proposal to designate Mr. Schulz as a Rule 706 expert, in addition to thwarting the Court's legitimate purpose for appointing a technical advisor, is therefore unnecessary.

### III. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court reject Acacia's objections and proceed with the appointment of Mr. Rainer Schulz as a technical consultant to the Court.

| | | |
|---|---|---|
| 1 | DATED: July 12, 2005 | **COXCOM, INC. AND HOSPITALITY NETWORK, INC.** |
| 2 | | |
| 3 | | By:   /s/ Annamarie A. Daley |
| | |       Annamarie A. Daley |
| 4 | | |
| 5 | | Annamarie A. Daley (*pro hac vice*) |
| | | Emmett McMahon (*pro hac vice*) |
| | | Stephen P. Safranski (*pro hac vice*) |
| 6 | | ROBINS, KAPLAN, MILLER & CIRESI L.L.P. |
| | | 2800 LaSalle Plaza |
| 7 | | 800 LaSalle Avenue |
| | | Minneapolis, Minnesota 55402 |
| 8 | | Telephone: (612) 349-8500 |
| | | Facsimile: (612) 349-4181 |
| 9 | | |
| | | Richard R. Patch (State Bar #088049) |
| 10 | | J. Timothy Nardell (State Bar #184444) |
| | | COBLENTZ, PATCH, DUFFY & BASS, LLP |
| 11 | | One Ferry Building, Suite 200 |
| | | San Francisco, CA 94111 |
| 12 | | Telephone: (415) 391-4800 |
| | | Facsimile: (415) 989-1663 |
| 13 | | |
| 14 | | Attorneys for COXCOM, INC. and |
| | | HOSPITALITY NETWORK, INC. |