HAROLD J. McELHINNY (CA SBN 66781)
RACHEL KREVANS (CA SBN 116421)
MATTHEW I. KREEGER (CA SBN 153793)
JASON A. CROTTY (CA SBN 196036)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
ECHOSTAR SATELLITE LLC AND
ECHOSTAR TECHNOLOGIES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ACACIA MEDIA TECHNOLOGIES CORPORATION | Case No. 05-CV-1114 JW<br><br>**ECHOSTAR'S RESPONSE TO ACACIA'S OBJECTIONS TO THE ORDER APPOINTING RAINER SCHULZ AS A TECHNICAL CONSULTANT**<br><br>Hon. Howard R. Lloyd |

**ECHOSTAR'S RESPONSE TO OBJECTIONS RE TECHNICAL CONSULTANT**
**CASE NO. 05-CV-1114 JW**
sf-1961129

1

## INTRODUCTION

In an Order dated June 21, 2005, Judge James Ware set forth a proposed order of appointment of Mr. Rainer Schulz as a technical advisor in this complex patent infringement case. Before the Judicial Panel on Multidistrict Litigation consolidated these cases in this Court, Mr. Schulz had been appointed by Judge Ware pursuant to stipulation of the parties (including Acacia) in some of the consolidated cases that were then pending in the Central District of California. EchoStar was not a party to that litigation, nor were any of the cable and satellite defendants that are now parties to this consolidated litigation. The June 21, 2005 Order set forth a procedure for all parties to object to the appointment of Mr. Schulz. The proposed order vacates the previous order of appointment and specifies the duties that Mr. Schulz would perform if he were appointed. For the reasons set forth below, the proposed order is consistent with applicable Ninth Circuit law.

Acacia's objections to the proposed order of appointment have no basis and should be rejected. Acacia presents no persuasive arguments that the proposed terms of Mr. Schulz's appointment are inconsistent with the law. Rather, Acacia's objections are based on speculation regarding the prior role of Mr. Schulz in the Central District of California litigation. Acacia's other asserted grounds for objection have no relation to the proposed order and instead relate to a discussion at the case management conference (as characterized by Acacia's counsel) that led to the language in the proposed order. As is customary in the Northern District, the June 14, 2005, case management conference was "off the record." Acacia did not request an official transcript at that time. Now, however, it seeks to prove its own version of what occurred at the conference through a declaration of one of its attorneys.

## BACKGROUND

Mr. Schulz was initially appointed in the litigation in the Central District of California by Judge Ware on April 7, 2004. *See* Block Decl., Ex. 2.[1] The parties to those cases — including

---

[1] The complete history of Mr. Schulz's appointment is recounted in the papers filed in the Internet cases before Acacia filed its MDL motion and the cases were subsequently transferred to this Court. The papers relating to Acacia's motion for clarification are attached to the Declaration
(Footnote continues on next page.)

**ECHOSTAR'S RESPONSE TO OBJECTIONS RE TECHNICAL CONSULTANT**
**CASE NO. 05-CV-1114 JW**
sf-1961129

2

Acacia — *stipulated* to the terms of the appointment. *Id.* Indeed, Acacia participated in the drafting of the appointment order. *See* Block Decl., Ex. 10 at 2-3. As Judge Ware noted in his June 21, 2005 Order, the parties and the Court all understood that Mr. Schulz would be a confidential advisor to the Court.

On July 12, 2004, Judge Ware issued a *Markman* Order in those cases. *See* Block Decl., Ex. 5. That order did not adopt all of the constructions proposed by Acacia. *Id.* Only after the Court declined to adopt all of Acacia's proposed constructions did Acacia determine that the order to which Acacia had previously stipulated was "ambiguous" and needed "clarification." Acacia's motion was filed on February 18, 2005, more than nine months after Mr. Schulz was appointed. *See* Block Decl., Ex. 9. Acacia argued that a reference to Federal Rule of Evidence 706 required that Mr. Schulz be deposed and his previously agreed-upon role be "clarified." Acacia asserted that Mr. Schulz must have provided "evidence" beyond his proper role as a technical consultant because certain constructions adopted by the Court had not been proposed by the parties in exactly the language adopted by Judge Ware. Acacia also contended that Mr. Shultz's invoices indicated that Mr. Schulz provided "evidence" to the Court.[2] The motion was fully briefed (*see* Block Decl., Exs. 9-11) but was continued pending Acacia's MDL motion. During the pendency of the motion, the Court has suspended its consultation with Mr. Schulz.

The June 21, 2005 Order proposes the following conditions for the appointment of Mr. Schulz:

> This MDL case involves complex technology issues. The Court proposes to vacate its previous order of appointment and proposes to reappoint Mr. Rainer Schulz as a technical advisor, under the following terms:

---

(Footnote continued from previous page.)

of Alan P. Block In Support of Plaintiff Acacia Media Technologies Corporation's Objections to the Order Appointing Rainer Schulz as a Technical Consultant ("Block Decl."), as Exhibits 9-11.

[2] EchoStar notes that the time entries for Mr. Schulz appear to indicate that he did precisely what one would expect of a technical consultant, including reviewing the patents, analyzing the claims, and reviewing the papers submitted in connection with the *Markman* hearing. *See* Block Decl., Exs. 7-8.

> 1. From time-to-time, at the request of the Court, Mr. Schulz will consult with the Court on the technology issues involved in these cases;
>
> 2. Mr. Schulz may attend any court proceedings;
>
> 3. Mr. Schulz may review any pleadings, motions, or documents submitted to the Court;
>
> 4. As a technical advisor, Mr. Schulz will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Schulz will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Schulz; and
>
> 5. Mr. Schulz will have no contact with any of the parties or their counsel;
>
> 6. The parties would pay the reasonable fees charged by Mr. Shultz for his service as a technical advisor to the Court. All matters pertaining to the fees of Mr. Shultz would be referred to Magistrate Judge Lloyd.

*See* Block Decl., Ex. 1 at 2-3 (citations omitted). If appointed, Mr. Schulz would file a declaration stating that he will adhere to the terms of his appointment. *Id*. at 4.

The Order set a deadline of June 30, 2005, for any party to object to the proposed order of appointment. Acacia was the only party to file an objection. Acacia does *not* object to the experience or qualifications of Mr. Schulz, nor does Acacia allege any bias. Nor does Acacia assert that it lacks the funds to share the fees of the advisor.[3] Rather, Acacia objects on two grounds: (1) that Mr. Schulz supposedly exceeded his proper role as a technical advisor in the Central District of California litigation, and (2) that the Court made certain statements — as recalled by Acacia's counsel — during the non-transcribed case management conference on June 14, 2005, that supposedly conflict with Ninth Circuit law. Neither objection has merit.

---

[3] Judge Ware specifically requested objections based arguments that: (1) the Court lacked authority to make the appointment, (2) that Mr. Schulz was biased, inexperienced, or unqualified, and (3) a party lacked the funds to share the fees of Mr. Schulz. *See* Block Decl., Ex. 1 at 3.

**ECHOSTAR'S RESPONSE TO OBJECTIONS RE TECHNICAL CONSULTANT**
**CASE NO. 05-CV-1114 JW**
sf-1961129

4

## ARGUMENT

### A.  The Law Governing Technical Advisors

A district judge may appoint a technical advisor to assist it in particularly complex and technical cases.[4] *See, e.g., Ass'n of Mexican Am. Educators v. California*, 231 F.3d 572, 590 (9th Cir. 2000) ("*AMAE*") (*en banc*); *Federal Trade Comm'n. v. Enforma Natural Products, Inc.*, 362 F.3d 1204 (9th Cir. 2004) ("*FTC*").  Regional circuit law applies to a district court's use of technical advisors in patent cases. *See TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1377 (Fed. Cir. 2002).  Thus, Ninth Circuit law governs the appointment of a technical consultant in this case.  A technical advisor may not assume the role of an expert witness by supplying new evidence, nor may an advisor usurp the role of the judge by making findings of fact or conclusions of law. *See FTC*, 362 F.3d at 1213.  Technical advisors, acting as such, are not subject to the provisions of Rule 706, which govern court-appointed expert witnesses. *See id*.  A court-appointed expert is a witness subject to Rule 706 if the expert is called to testify or if the court relies on the expert as an independent source of evidence. *See id*.

Although the Ninth Circuit has declined to require strict adherence to any specific procedures regarding technical advisors, it has endorsed several procedural safeguards initially set forth in dissent by Judge Tashima in the *AMAE* case. *See FTC*, 362 F.3d at 1214.  Judge Tashima's recommendations include the following:  "(1) utilize a fair and open procedure for appointing a neutral technical advisor; (2) address any allegations of bias, partiality, or lack of qualification; (3) clearly define and limit the technical advisor's duties; (4) make clear to the technical advisor that any advice he or she gives to the court cannot be based on any extra-record information; and (5) make explicit, either through an expert's report or a record of *ex parte* communications, the nature and content of the technical advisor's advice. *AMAE*, 231 F.3d at 611-14 (Tashima, J., dissenting)." *FTC*, 362 F.3d at 1215.  Judge Tashima also declined to

---

[4] Acacia does not contest the fact that this is a complex technical case that justifies a technical consultant "to organize, advise on, and help the court understand relevant scientific evidence." *FTC*, 362 F.3d at 1213.

require district courts to strictly adhere to any specific procedures. *See AMAE*, 231 F.3d at 611. Thus, the Tashima procedural safeguards are guidelines rather than rules.

### B. The Proposed Order of Appointment is Consistent With the Law

The proposed order of appointment (and the procedures for appointment) in this case satisfy all of the procedural guidelines identified in the caselaw. Indeed, the processes employed by Judge Ware in this case exemplify the sorts of procedural safeguards that insure that parties to litigation have an opportunity to participate in the appointment of the advisor and define the role of the technical advisor before any substantive activity in the case.

Acacia does not argue that Mr. Schulz would be appointed by a procedure that was not fair and open, nor could it. All parties were presented with information regarding Mr. Schulz and were afforded an opportunity to object. Acacia has *twice* been presented with an opportunity to object. As indicated above, Acacia first objected *after* Judge Ware issued a *Markman* ruling that did not adopt certain positions forwarded by Acacia. Thus, the proposed appointment of Mr. Schulz satisfies the first guideline. *See AMAE*, 231 F.3d at 611-14 (Tashima, J., dissenting).

Acacia has not alleged that Mr. Schulz is biased, lacks impartiality, or is unqualified. Thus, the proposed appointment of Mr. Schulz satisfies the second guideline. *Id*.

The third procedural safeguard is to clearly define and limit the technical advisor's duties. The proposed order states that Mr. Schulz's duties will be limited to the "technology issues involved in these cases," that he will not make written findings of fact, and will not supply any evidence to the Court. Block Decl., Ex. 1 at 3. Mr. Schulz would be able to review pleadings, motions, and other documents submitted to the Court but will not have any contact with the parties or their counsel. The proposed order specifically states that Mr. Schulz will *not* provide expert testimony under Federal Rule of Evidence 706. Moreover, all of Mr. Schulz's consultations will only be at the "request of the Court." Thus, the proposed order satisfies the third guideline. *Id*.

The fourth procedural safeguard is to make it clear to the technical advisor that any advice he or she gives to the court cannot be based on any extra-record information. Although EchoStar believes that this limitation is clear from the language and context of the proposed order of

1 appointment, EchoStar has no objection to adding more specific language that states that
2 Mr. Schulz should be limited to information in the record. Thus, either with or without
3 modification, the proposed order appointing Mr. Schulz satisfies the fourth guideline. *Id.*

4 The fifth procedural safeguard is to make explicit the nature and content of the technical
5 advisor's advice. In the Central District litigation, Mr. Schulz submitted invoices with narrative
6 entries and the parties have had access to these invoices. *See, e.g.*, Block Decl., Exs. 7-8.
7 EchoStar assumes that the procedure would be the same for the consolidated cases and has no
8 objection to making a requirement for such invoices part of the order of appointment. These
9 narratives provide details of Mr. Schulz's role, including the materials he reviewed and the time
10 he spent on the case. Moreover, the proposed order requires Mr. Schulz to file a declaration
11 stating that he will comply with the terms of his appointment. This sort of procedural safeguard
12 was identified as one way to insure that a technical advisor complies with the terms of his
13 appointment. *See AMAE*, 231 F.3d at 613 n.7 (Tashima, J., dissenting). Thus, the proposed order
14 satisfies the fifth procedural guideline.

15 The procedural safeguards suggested by Judge Tashima and endorsed by the Ninth Circuit
16 provide guidelines for courts to craft appropriate orders appointing technical consultants on a
17 case-by-case basis. The proposed order satisfies these guidelines. Moreover, the proposed order
18 addresses each of the concerns identified by the Ninth Circuit in the *FTC* case. *See FTC*, 362
19 F.3d at 1214-15. The safeguards in the proposed order in this case would eliminate the
20 circumstances that caused the Court to question the use of a technical advisor in that case. In the
21 *FTC* case, the advisor evidently offered his own scientific opinions at a conference and relied on
22 extra-record material. There was no appointment order describing the role of the advisor and thus
23 no means to exclude the possibility that he had offered expert evidence under Federal Rule of
24 Evidence 706. *Id*. In that case, the Ninth Circuit encouraged the district court on remand to
25 utilize some or all of the safeguards suggested by Judge Tashima. In contrast, the proposed terms
26 of appointment in this litigation satisfies the procedural guidelines in a manner consistent with the
27 needs of these patent infringement cases.

28

### C. Acacia's Arguments to the Contrary are Unpersuasive

Acacia spends most of its brief arguing about issues other than whether the proposed order of appointment meets the requirements of Ninth Circuit law. Indeed, Acacia virtually ignores the actual language of the proposed order and instead focuses on irrelevant issues. Acacia does not seriously contend that the proposed order fails to meet the guidelines endorsed by the Ninth Circuit. Buried in a single-sentence footnote, Acacia notes that the proposed order does not state that Mr. Schulz's duties will be limited to explaining the terminology and theory underlying the evidence offered by the parties. *See* Acacia Br. at 8 n.3. However, as indicated above, the proposed order specifically states that Mr. Schulz's duties will be limited to the "technology issues" in the case. Acacia's professed concerns regarding Rule 706 are completely irrelevant, as they completely ignore the specific language of the proposed order precluding Mr. Schulz from offering expert opinions.

Acacia's discussion regarding the case management conference is also irrelevant. Although EchoStar's recollection of the case management conference differs from that of Acacia's counsel, the discussion is immaterial as it merely consisted of colloquy between counsel and the Court, all of which preceded the language contained in the proposed order of appointment. Discussions at a case management conference are not part of the appointment order and not relevant to the Court's task of determining whether the *order* complies with applicable law. Indeed, in the absence of evidence to the contrary, the Ninth Circuit assumes that district courts properly utilize technical consultants. *See AMAE*, 231 F.3d at 591.

Acacia's characterization of the role of Mr. Schulz prior to the MDL order is similarly irrelevant. First, the evidence of the supposed misuse of the technical consultant by the Court is spurious. The invoices indicate only that Mr. Schulz acted appropriately by, for example, reviewing documents and meeting with the Court. *See* Block Decl., Ex. 7-8. Second, the notion that statements in the *Markman* order could only have come from Mr. Schulz is similarly misplaced. The *Markman* order is consistent with Federal Circuit law requiring that claims be construed according to the understanding of those of skill in the art. Of course, there is no legal support for the proposition that a court's claim construction must be directly derived from the

submissions of one of the parties. There is no evidence whatsoever that Mr. Schulz usurped the role of the Court during the claim construction process. *See A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1097 (9th Cir. 2002) (finding that the technical advisor did "displace the district court's judicial role"). In any event, the Court has allowed all parties an opportunity to make a motion to reconsider any aspect of its prior *Markman* ruling. Thus, Acacia has an opportunity to have the Court reconsider any aspect of the *Markman* order, including any construction that Acacia states is unsupported by the record.

Acacia ignores the language of the order of appointment and presents no persuasive arguments in its objections. Rather, Acacia appears to be attempting to manufacture an appellate argument in case it is unable to persuade the Court to adopt its proposed constructions. Because the proposed order of appointment is consistent with Ninth Circuit law, it should be entered.

## CONCLUSION

For the reasons set forth above, the proposed terms for the appointment of Mr. Schulz are consistent with Ninth Circuit law and this Court should recommend to Judge Ware that the order of appointment be entered.

Dated: July 13, 2005

HAROLD J. McELHINNY
RACHEL KREVANS
MATTHEW I. KREEGER
JASON A. CROTTY
MORRISON & FOERSTER LLP

By: /s/ Jason A. Crotty
Jason A. Crotty

Attorneys for Defendants
ECHOSTAR SATELLITE LLC AND
ECHOSTAR TECHNOLOGIES CORPORATION