KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
DAVID J. SILBERT - #173128
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
ddurie@kvn.com
dsilbert@kvn.com

Attorneys for Defendant
COMCAST CABLE COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ACACIA MEDIA TECHNOLOGIES CORPORATION | Case No. C-05-01114 JW<br><br>**REPLY IN SUPPORT OF MOTION TO SET BRIEFING SCHEDULE (CIVIL L.R. 7-11)**<br><br>Judge: Honorable James Ware |

Comcast submits this reply to Acacia's Opposition to Motion to Set Briefing Schedule.

First, Comcast agrees with Acacia that the parties never entered into a binding stipulation. Defendants' Motion did not assert otherwise. Instead, the Motion merely pointed out that, before Acacia took the position that the parties shouldn't file claim-construction briefs, it approved of the briefing schedule set forth in the draft stipulation at Exhibit 2 to the Silbert Declaration.[1] Similarly, Acacia's Opposition raises no specific objection to the slightly modified schedule that defendants proposed in their Motion.[2]

Second, while it might theoretically be possible to inject full claim-construction briefing into Patent L.R. 4-1, 4-2, and 4-3 statements, it would be a bad idea. Those documents are designed to serve other purposes, and to supplement briefs, not replace them.[3] Indeed, proceeding as Acacia suggests would create myriad practical problems. For example, consistent with the Patent Local Rules and standard practice, the Court has ordered the parties only to serve their Patent L.R. 4-1 and 4-2 statements on one another, not file them with the Court, so it's difficult to see how they could function as opening briefs.[4] And trying to present full legal arguments in the chart format of a Patent L.R. 4-3 Joint Claim Construction Statement would be clumsy to say the least, and would make the charts extremely long, repetitive, and difficult to follow.[5] Other problems would include the impossibility of taking meaningful expert

---

[1] Silbert Decl. Ex. ¶ 3.

[2] Acacia's mistaken belief that defendants were relying on the existence of an enforceable stipulation apparently results from confusion over the Local Rule under which defendants brought their Motion, which we address below.

[3] *See* Patent L.R. 4-5 (providing for a full round of claim-construction briefing in addition to Rule 4-1, 4-2, and 4-3 statements).

[4] *See* Silbert Decl. Ex. 3 (June 21, 2005 Order Following Case Management Conference) at p.2 and Patent L.R. 4-1 and 4-2.

[5] The Court has expressly ordered the parties to submit their Patent L.R. 4-3 statement in the form of a chart. *See* Silbert Decl. Ex. 3 (June 21, 2005 Order Following Case Management Conference) at p.2. Other judges in this District likewise require litigants to submit Patent L.R. 4-3 statements in the form of short, summary charts, not full statements of legal arguments. *See* model Patent L.R. 4-3 statements attached to Judge Armstrong's Patent Standing Order Effective October 15, 2004, Judge White's Standing Order for Patent Cases, and Judge Hamilton's Standing Order for Patent Cases, all available at http://www.cand.uscourts.gov/.

depositions[6] and the absence of any reply briefs. There is simply no reason to try to make do in this fashion when the parties could instead file briefs.

Acacia's remaining two arguments are merely attacks on defendants that are baseless. Defendants did not engage in any "dilatory conduct." Acacia circulated its proposed stipulation at 5:32 p.m. on Thursday, June 16.[7] As it acknowledges in its Opposition, its proposal contained language that Acacia knew defendants would need to discuss and might wish to change.[8] Only two business days passed between the time that Acacia sent its proposal and the issuance of the June 21 Order, which Acacia asserts superseded the Court's prior direction to the parties to agree to a briefing schedule. Two days is hardly dilatory—particularly considering the number of defendants who needed to provide their input and whose positions needed to be synthesized.[9]

Finally, defendants' Motion complies with the Local Rules and the Court's June 21 Order. As amended on January 1, 2005, Civil L.R. 7-11 is entitled "Motion for Administrative Relief," and permits the filing of motions concerning miscellaneous administrative matters.[10] Acacia is relying on an outdated version of the Rules. And while applying the Court's June 21 Order begs the question, since defendants believe they are not proposing any change to the dates in that Order, in any event it directs the parties to file a motion "made pursuant to the Local Rules of this Court," which defendants did, and not specifically a noticed motion under Civil

---

[6] Under Acacia's proposal, on July 29 the parties would receive only "a brief description of the substance of [the experts'] proposed testimony." *See* Patent L.R. 4-2(b). They would not receive a "summary of each opinion to be offered [by the expert] in sufficient detail to permit a meaningful deposition" until *after* Acacia says the depositions should be completed. *See* Patent L.R. 4-3(d) and Silbert Decl. Ex. 4 (letter from Acacia's counsel).

[7] Silbert Decl. Ex. P.

[8] *See* Opp. at 2:17-28.

[9] While Acacia takes a pot shot at the "20 days" that passed before defendants contacted it to finalize the stipulation, as it well knows, in the interim defendants informed Acacia that they felt they could not proceed under the agreed schedule if the scope of the Motion for Reconsideration was to be broader than what they had understood, so that issue needed to be resolved first. *See* Silbert Decl. ¶ 5. More fundamentally, defendants never understood the June 21 Order to reject briefing, so while it was still necessary to finalize the details of the stipulation, nothing suggested that the parties' agreement in principle on the main elements had disappeared.

[10] *See* "Summary of Revised Local Rule Changes" at http://www.cand.uscourts.gov/.

**REPLY IN SUPPORT OF MOTION TO SET BRIEFING SCHEDULE (CIVIL L.R. 7-11)
CASE NO. C-05-01114 JW**

355183.01

1  L.R. 7-2, which would be impractical under these circumstances.[11]

2      Acacia's Opposition offers no principled reason why, in a case as complex as this one,
3  the parties should argue and the Court should decide so crucial a matter as claim construction
4  without the benefit of full briefing.  Nor does Acacia raise any specific objection to the briefing
5  schedule that defendants proposed.  Comcast respectfully requests that the Court grant
6  defendants' Motion.

7  Dated:  July 14, 2005                    KEKER & VAN NEST, LLP

                              By:  /s/ David J. Silbert
                                   DAVID J. SILBERT
                                   Attorneys for Defendant
                                   COMCAST CABLE COMMUNICATIONS, LLC

---

[11] Silbert Decl. Ex. 4 (June 21 Order) at 2.

3

**REPLY IN SUPPORT OF MOTION TO SET BRIEFING SCHEDULE**
**(CIVIL L.R. 7-11)**
**CASE NO. C-05-01114 JW**

355183.01