**HENNIGAN, BENNETT & DORMAN LLP**
**RODERICK G. DORMAN (SBN 96908)**
**ALAN P. BLOCK (SBN 143783)**
**KEVIN SHENKMAN (SBN 223315)**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017**
**Phone: (213) 694-1200**
**Fax: (213) 694-1234**
dormanr@hbdlawyers.com
blocka@hbdlawyers.com
shenkmank@hbdlawyers.com

Attorneys for Plaintiff
ACACIA MEDIA TECHNOLOGIES CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re | ) Case No. 05 CV 01114 JW |
| | ) |
| ACACIA MEDIA TECHNOLOGIES | ) **PLAINTIFF ACACIA MEDIA** |
| CORPORATION | ) **TECHNOLOGIES** |
| | ) **CORPORATION'S REPLY TO** |
| | ) **DEFENDANTS' RESPONSES TO** |
| | ) **THE ORDER APPOINTING** |
| | ) **RAINER SCHULZ AS A** |
| | ) **TECHNICAL CONSULTANT** |
| | ) |
| | ) **DATE:**     N/A |
| | ) **TIME:**     N/A |
| | ) **CTRM:**     Hon. Howard R. Lloyd |

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

# TABLE OF CONTENTS

(Page)

I.    INTRODUCTION ...................................................................................1

II.   DEFENDANTS CANNOT SERIOUSLY CONTEND THAT
      MR. SCHULZ COMPLIED WITH HIS DUTIES AS A
      TECHNICAL ADVISOR AND DID NOT PROVIDE
      EVIDENCE TO THE COURT ...............................................................3

      A.    Defendants Ignore the Fact that Mr. Schulz's Invoices State
            that He Performed Claim Construction ..........................................5

      B.    There is Evidence in the Markman Order that the Court
            Relied on Extra-Record Evidence Which Could Only Have
            Been Provided by Mr. Schulz.........................................................6

      C.    The Appellate Court Cannot Assume that the Court
            Properly Utilized Mr. Schulz as a Technical Consultant ...............7

      D.    The Fact that the Court Has Allowed Reconsideration of its
            Markman Order Does Not Erase the Past.......................................8

III.  THE JUNE 21, 2005 ORDER IS NOT A PROPER
      APPOINTMENT OF A TECHNICAL ADVISOR, BECAUSE
      THE ORDER DOES NOT SATISFY THE RELEVANT
      PROCEDURAL GUIDELINES .............................................................9

      A.    The Fact that the Court Added the Limitations to the Order
            that Mr. Schulz is Precluded from Making Written
            Findings of Fact and From Supplying Evidence to the
            Court Are Insufficient ..................................................................12

IV.   CONCLUSION ....................................................................................13

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

CASE NO. 05-CV-01114 JW

ACACIA'S REPLY TO DEFENDANTS' RESPONSES
RE: RAINER SCHULZ

# TABLE OF AUTHORITIES

**(Page)**

**Cases**

*FTC v. Enforma Natural Products, Inc.*,
    362 F.3d 1204 (9th Cir. 2004) ............................................................. passim

*Gechter v. Davidson*,
    116 F.3d 1454 (Fed. Cir. 1997) ..................................................................... 9

*Markman v. Westview Industries, Inc.*,
    517 U.S. 370 (1996) ................................................................................ 3, 5

*Nazomi Communications, Inc. v. ARM Holdings, PLC*,
    403 F.3d 1364 (Fed. Cir. 2005) ..................................................................... 9

*Techsearch LLC v. Intel Corp.*,
    286 F.3d 1360 (Fed. Cir. 2002) ............................................................. passim

**Statutes**

Fed.R.Evid. Rule 702 ......................................................................................... 4

Fed.R.Evid. Rule 706 ................................................................................. passim

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

## I. INTRODUCTION

Plaintiff Acacia Media Technologies Corporation ("Acacia") hereby provides this reply to the responses to Acacia's objections to the reappointment of Mr. Rainer Schulz as a technical advisor filed by defendants EchoStar Technologies Corporation and EchoStar Satellite LLC (hereinafter the "EchoStar Response") and defendant Coxcom, Inc. (hereinafter the "Coxcom Response")[1].

To conform to Ninth Circuit and Federal Circuit law, this Court cannot recommend that the Court adopt the June 21, 2005 Order without modification, as proposed by defendants. The June 21 Order does not satisfy the procedural guidelines for appointing technical advisors. Pursuant to the June 21 Order, Mr. Schulz's duties as a technical advisor (e.g., to tutor the Court as to meaning of scientific terms) are not set forth in the Order (and therefore are not communicated to Mr. Schulz) and the parties cannot learn the nature and content of Mr. Schulz's communications to the Court. There will be no record of the communications from Mr. Schulz to the Court and thus no way for the parties or the reviewing court to know the basis for the Court's future decisions. Even though the Court has modified its prior Order to specify that Mr. Schulz cannot make written findings of fact and cannot supply any evidence to the Court, Mr. Schulz has already supplied evidence to the Court, the specifics of which we are unaware. This is not how technical advisors are supposed to be used.

Acacia's concerns are real and are based on recent history. During the prior Markman proceedings, the Court appointed Mr. Schulz as a technical expert. As a technical expert, Mr. Schulz was not permitted to provide evidence to the Court; if he

---

[1] The Coxcom Response is joined by defendants The DirecTV Group, Inc.; Charter Communications, Inc.; Ademia Multimedia, LLC; AEBN, Inc.; Audio Communications, Inc.; Club Jenna, Inc.; Cyber Trend, Inc.; Cybernet Ventures, Inc.; ACMP, LLC; Game Link, Inc.; Global AVS, Inc.; Innovative Ideas International; Lightspeed Media Group, Inc.; National A-1 Advertising, Inc.; New Destiny Internet Group, LLC; VS Media, Inc; International Web Innovations and Comcast Cable Communications, LLC.

did provide evidence to the Court, then Mr. Schulz would become subject to the provisions of Rule 706, Fed.R.Evid.

It is clear that Mr. Schulz provided evidence to the Court. Based on the Court's comments at the Case Management Conference and Mr. Schulz's time entries in his invoices, the Court requested Mr. Schulz to perform claim construction analysis and Mr. Schulz provided this analysis to the Court. Defendants argue that this is not the case, but defendants ignore Mr. Schulz's time entries which state that he performed "claim construction analysis." The fact that the parties so vigorously disagree as to whether or not Mr. Schulz provided evidence to the Court based on the record that we have, shows that a more complete record of Mr. Schulz's communications to the Court is necessary to avoid these disputes in the future.

Both the Ninth Circuit and the Federal Circuit have held that district courts must be extremely cautious when appointing a technical advisor so as to prevent undue influence by the technical advisor on the court's decision-making function. If the June 21 Order is adopted without modification, Mr. Schulz will have provided evidence to the Court without the parties knowing what that evidence was and without the parties having had an opportunity to depose Mr. Schulz. The record will never be complete, because we will not know what Mr. Schulz communicated to the Court, and appellate review will be difficult. It would be a shame for all the parties to go through the effort of discovery and trial only to have this case remanded because the Order appointing Mr. Schulz was improper.

Acacia therefore respectfully requests that the Magistrate Judge submit a recommendation to Judge Ware indicating that the Court should only use Mr. Schulz as an expert under Rule 706, Fed.R.Evid. so that the nature and content of Mr. Schulz's advice is provided to the parties. Acacia also proposes procedural safeguards to assure that, if Mr. Schulz is deposed, the Court's mental processes and impressions are not revealed to the parties.

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

ACACIA'S REPLY TO DEFENDANTS' RESPONSES
RE: RAINER SCHULZ

If the Court is not willing to make such modification to the Order, then the Magistrate Judge should recommend that the Court not use a technical advisor in this case.

## II. DEFENDANTS CANNOT SERIOUSLY CONTEND THAT MR. SCHULZ COMPLIED WITH HIS DUTIES AS A TECHNICAL ADVISOR AND DID NOT PROVIDE EVIDENCE TO THE COURT

Mr. Schulz has <u>not</u> complied with his duties as a technical advisor. The role of a technical advisor is to help the Court understand relevant scientific evidence, that is, to act a tutor. *FTC v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1213 (9th Cir. 2004); *Techsearch LLC v. Intel Corp.*, 286 F.3d 1360, 1377 (Fed. Cir. 2002). Technical advisors do not provide evidence to a court, and certainly do not instruct a court as to how to construe a claim term. Claim construction is not a technical issue; it is an issue of law for a court to decide. *Markman v. Westview Industries, Inc.*, 517 U.S. 370, 391 (1996); *FTC v. Enforma*, ("A technical advisor may not assume the role of an expert witness by supplying new evidence, nor may an advisor usurp the role of the judge by making findings of fact or conclusions of law.")

Yet, in his invoice entries, Mr. Schulz informed the parties that he performed "claim construction analysis" and that he met with the Court prior to the Court issuing its Markman Order. (See, Acacia's Objections, at 4:11-26; Exhibits 3 and 4 to Block Decl.). According to the April 7, 2004 Order (Exhibit 2 to Block Decl.), Mr. Schulz would only serve as a consultant "at the request of the Court." The Court hired Mr. Schulz to assist the Court with this case and Mr. Schulz billed the parties at $200/hour for his claim construction analysis. The only inference which could therefore reasonably be reached from the April 7 Order, from Mr. Schulz's time entries in his invoices, and from the Court's comments at the Case Management Conference is that

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

the Court had requested Mr. Schulz to perform claim construction analysis and that Mr. Schulz communicated his claim construction analysis to the Court.[2]

Because Mr. Schulz provided a "claim construction analysis" to the Court, Mr. Schulz provided evidence to the Court, in the form of an expert opinion pursuant to Rule 702, Fed.R.Evid. Thus, Mr. Schulz lost his status as a technical advisor and became subject to the requirements of Rule 706, Fed.R.Evid. *FTC v. Enforma*, 362 F.3d at 1212-13 ("A court-appointed expert is a witness subject to Rule 706 if the expert is called to testify or if the court relies on the expert as an independent source of evidence.… If Dr. Heber offered independent evidence as an expert witness, he should have been subject to cross-examination about the information he relied upon in forming his opinions. See, Fed.R.Evid. Rule 706").[3]

Acacia's objection to the appointment of Mr. Schulz as a technical advisor and request that he be appointed as an expert pursuant to Rule 706, Fed.R.Evid. Is therefore entirely proper.[4]

---

[2] It would be unreasonable to infer that Mr. Schulz performed his claim construction analysis on his own, without a request from the Court or that Mr. Schulz performed the claim construction analysis, but did not provide that analysis to the Court. The Court hired Mr. Schulz to assist the Court and he would not perform work, or bill the parties for work, not requested by the Court. He also would not bill the parties for work requested by the Court, but that he did not supply to the Court.

[3] In its response, Coxcom contends that the cases relied on by Acacia hold that Rule 706 does not apply to technical advisors. (Coxcom's Response, at 4:7-10). Each case also addressed the issue of whether the technical advisor had provided evidence to the court; if so, the technical expert would become subject to the provisions of Rule 706.

[4] Coxcom also contends that Acacia's request to designate Mr. Schulz would thwart the Court's purpose to appoint a technical advisor. Acacia is not "thwarting" the Court's purpose, but instead would be fulfilling the Court's goal of having a technical expert provide their opinions regarding technical issues in the case, such as the meaning of claim terms, without having that person reveal the Court's communications or mental impressions at a deposition. If Coxcom contends that the Court's purpose is to have a technical advisor who provides opinions to the Court on claim construction, but who is not subject to the provisions of Rule 706 and whose communications to the Court cannot be placed in the record, then Acacia needs to make clear that this is not permitted, and the Court should not have such a technical advisor under these conditions.

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

### A. Defendants Ignore the Fact that Mr. Schulz's Invoices State that He Performed Claim Construction

In both of their responses, defendants completely ignore Mr. Schulz's invoice entries regarding "claim construction analysis," as though those entries never existed. In its response, Coxcom does not even mention or acknowledge Mr. Schulz's invoice entries. Instead, Coxcom states, <u>without support</u>, that "the record reflects that the Court properly used Mr. Schulz as a consultant on the issues regarding the technology involved in the case in regard to the *Markman* analysis." (Coxcom Response, at 3:22-24).

In reality, the opposite is true. The record reflects that Mr. Schulz, acting on behalf of the Court and at the Court's request, performed claim construction analysis and met with the Court prior to the Court issuing its Markman Order. The record therefore actually reflects that the Court did <u>not</u> properly use Mr. Schulz as a technical consultant.

In its response, EchoStar at least mentions Mr. Schulz's invoice entries. EchoStar, however, conspicuously omits the entries relating to "claim construction" in asserting that Mr. Schulz acted only as a technical advisor, and not a Rule 706 expert:

> EchoStar notes that the time entries for Mr. Schulz appear to indicate that he did precisely what one would expect of a technical consultant, including reviewing the patents, analyzing the claims, and reviewing the papers submitted in connection with the *Markman* hearing. (EchoStar Response, at 3 n 2).

EchoStar's statement that Mr. Schulz did what would be expected of a technical consultant, because Mr. Schulz "analyzed" the claims is wrong. One would <u>not</u> expect a technical consultant to "analyze claims." Technical consultants are tutors who assist the Court in understanding relevant scientific evidence. Patent claims are legal instruments which are to be "analyzed" and construed by the <u>Court</u>; patent claims are not scientific evidence. Mr. Schulz was "analyzing" claims for the purpose

-5-

of Markman claim construction proceedings, and therefore was acting as an expert under Rule 706, not a technical consultant.

EchoStar would even have the Court believe that Mr. Schulz did nothing more than review documents and meet with the Court:

> The invoices indicate only that Mr. Schulz acted appropriately by, for example, reviewing documents and meeting with the Court. (EchoStar response, at 8:23-24).

**B.  There is Evidence in the Markman Order that the Court Relied on Extra-Record Evidence Which Could Only Have Been Provided by Mr. Schulz**

Defendants contend that Acacia is merely speculating when it contends that Mr. Schulz provided evidence to the Court (in the form of an expert opinion as to the meaning of claim terms to a person of ordinary skill in the art).  In its response, Coxcom contends that "[t]he Court's explicit statements in its Markman Order evidence no reliance on testimony from Mr. Schulz in the past . . ." (Coxcom Response, at 4:14-15).  Coxcom takes two sentences regarding the terms "sequence encoder" and "identification encoder" from the 40-page Markman Order to support this broad contention.  (Coxcom Response, at 3:13-24).  Further, Coxcom does not cite to any evidence of record on which the Court could have relied to support its so-called findings in the Markman Order.

In its response, EchoStar states, without support, that "[t]he Markman Order is consistent with Federal Circuit law requiring that claims be construed according to the understanding of those of skill in the art."  (EchoStar's Response, at 8:26-27).  This is not a correct description of the Markman Order, because like Coxcom, EchoStar fails to cite any evidence of record which would support EchoStar's contention or support the Court's findings.

Acacia's examples of instances where the Court's statements in the Markman Order were not based on the evidence of record, but necessarily were based on expert

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

testimony from Mr. Schulz, included not only the Court's statements regarding "sequence encoder" and "identification encoder," but also the claim terms "in data communication with" and "transmission system at a first location." (Acacia's Objections, at 4:27 – 6:5). No defendant addressed these other terms.

With respect to all of these claim terms, the Court made so-called findings as to the understanding of "one of ordinary skill in the art," but did not cite to the evidence of record to support such findings. In each instance, the Court could not have known from the record what one of ordinary skill would have understood or not understood about the claim terms, because the Court did not allow expert testimony during this phase of the Markman proceedings. One of the reasons given by the Court for allowing reconsideration of the Markman Order was to allow the parties to present expert testimony on these issues.

The Court could only have made its "findings" as to the understanding of one of ordinary skill in the art based on evidence received from Mr. Schulz. This is logical, because Mr. Schulz provided the Court with his claim construction analysis, which likely included evidence as to the understanding of one of ordinary skill in the art.

## C. The Appellate Court Cannot Assume that the Court Properly Utilized Mr. Schulz as a Technical Consultant

EchoStar contends in its response that "in the absence of evidence to the contrary, the Ninth Circuit assumes that district courts properly utilize technical consultants. *See, AMAE*, 231 F.3d at 591." (EchoStar Response, at 8:19-20).

Here, there is evidence that the Court did not properly utilize Mr. Schulz as a technical consultant, and therefore the Federal Circuit Court of Appeals (who will handle the appeal of this case) cannot assume that the Court had properly utilized Mr.

Schulz.[5] As discussed above, from the evidence of record, including Mr. Schulz's invoices and the Court's findings in the Markman Order, it is evident that, at the Court's request, Mr. Schulz performed claim construction and communicated his claim constructions to the Court prior to the Court issuing its Markman Order.

There is evidence in the record that the Court did not properly use Mr. Schulz as a technical expert, and therefore, the Federal Circuit will not assume that the Court properly utilized Mr. Schulz.

### D. The Fact that the Court Has Allowed Reconsideration of its Markman Order Does Not Erase the Past

In both responses, defendants contend that, even if Mr. Schulz provided evidence to the Court, Acacia has a suitable remedy, because the Court has allowed Acacia to file a motion for reconsideration of the Markman Order as to any term construed in the Markman Order. (See, Coxcom's Response, at 3:25-4:3; EchoStar's Response, at 9:4-7).

Reconsideration of the Markman Order is not an adequate remedy to eliminate the prejudice to the parties caused by the fact that Mr. Schulz provided evidence to the Court prior to the Court issuing its Markman Order. Pursuant to Rule 706, the parties are permitted to depose Mr. Schulz to learn what opinions he provided to the Court. *See, FTC v. Enforma*, 362 F.3d at 1212-14. The motion for reconsideration does not provide the parties this right. As a result, on appeal, there will be no record for the appellate court to understand how the Court reached its decisions. The lack of a sufficient record to afford appellate review of the Court's claim construction may itself be grounds for remand by the Federal Circuit. *See, Nazomi Communications,*

---

[5] The Federal Circuit will not necessarily assume that the Court used Mr. Schulz properly, even in the absence of evidence to the contrary. The Federal Circuit has held that "the federal courts of appeal must determine the extent, if any, to which a district court has established safeguards to prevent the technical advisor from introducing new evidence and to assure that the technical advisor does not influence the district court's review of the factual disputes." *Techsearch*, 286 F.3d at 1377.

ACACIA'S REPLY TO DEFENDANTS' RESPONSES
RE: RAINER SCHULZ

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

*Inc. v. ARM Holdings, PLC*, 403 F.3d 1364, 1371 (Fed. Cir. 2005), *quoting*, *Gechter v. Davidson*, 116 F.3d 1454, 1458 (Fed. Cir. 1997) ("Moreover, in order to perform such a review [of a district court's claim construction ruling], this court must be furnished 'sufficient findings and reasoning to permit meaningful appellate scrutiny.'") If Mr. Schulz is appointed as a Rule 706 expert, there will be a record of his opinions and the parties will be permitted to depose Mr. Schulz.

Further, reconsideration of the Markman Order means that the Court will likely presume that its prior findings and decisions are the proper claim construction, unless Acacia can overcome the Court's presumed constructions. In *FTC v. Enforma*, the remedy was to vacate the preliminary injunction that was tainted by the Court's misuse of the technical expert. In this case, however, the Court has not vacated its prior Markman Order.

The only remedy available is found in the Rules of Evidence; the Court must designate Mr. Schulz as an expert pursuant to Rule 706, Fed.R.Evid.

## III. THE JUNE 21, 2005 ORDER IS NOT A PROPER APPOINTMENT OF A TECHNICAL ADVISOR, BECAUSE THE ORDER DOES NOT SATISFY THE RELEVANT PROCEDURAL GUIDELINES

EchoStar contends in its response that the June 21 Order appointing Mr. Schulz satisfies the procedural guidelines for appointing technical advisors endorsed by the Ninth Circuit in the *FTC* case. (EchoStar Response, at 7:15-17).[6] This is not the case.

The appointment of any technical advisor automatically raises concerns that the technical advisor will usurp the judicial decision-making function of the court. *Techsearch*, 286 F.3d at 1379 ("The fact that the use of a technical advisor is permissible under such guidelines [Judge Tashima's guidelines] does not mean that it is invariably desirable or that safeguards are not required. As a practical matter, there

---

[6] In its response, Coxcom does not address whether the Order satisfies the procedural guidelines for appointing technical advisors endorsed by the Ninth Circuit in the *FTC* case. Instead, Coxcom focuses on Acacia and Acacia's contentions.

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

is a risk that some of the judicial decision-making function will be delegated to the technical advisor. District court judges need to be extremely sensitive to this risk and minimize the potential for its occurrence.")

For this reason, the Ninth Circuit and the Federal Circuit have endorsed the use of the five procedural safeguards described by Judge Tashima in his dissent in *AMAE* when appointing technical consultants. *FTC v. Enforma*, 362 F.3d at 1215 ("Judge Tashima's recommendations include the following procedural steps: (1) utilize a fair and open procedure for appointing a neutral technical advisor; (2) address any allegations of bias, partiality, or lack of qualification; (3) clearly define and limit the technical advisor's duties; (4) make clear to the technical advisor that any advice he or she gives to the court cannot be based on any extra-record information; and (5) make explicit, either through an expert's report or a record of ex parte communications, the nature and content of the technical advisor's advice. AMAE, 231 F.3d at 611-14 (Tashima, J., dissenting).")[7]

The Court's June 21 Order does <u>not</u> satisfy the procedural guidelines for appointing technical advisors, as EchoStar contends.

The Order does <u>not</u> clearly define and limit the technical advisor's duties (safeguard no. 3). EchoStar contends that the fact that the June 21 Order states that Mr. Schulz will be limited to the "technology issues in these cases," means that this safeguard is met. (EchoStar's Response, at 6:18-20). Nothing in this description, however, limits Mr. Schulz to the proper scope of a technical advisor's role, as

---

[7] In *Techsearch*, the Federal Circuit stated that these guidelines "propose broad criteria for minimally safeguarding the judicial process and the district court from undue influence by the technical advisor and to ensure that the technical advisor's role is properly limited to a tutoring function. . ." *Techsearch*, 286 F.3d at 1379. In *FTC v. Enforma*, the Ninth Circuit stated that these guidelines would "assure the parties that the court is proceeding openly and fairly" and would "aid in appellate review if such review becomes necessary." *FTC v. Enforma*, 362 F.3d at 1214.

described in *Techsearch*.[8]  In *Techsearch*, the Federal Circuit stated that this safeguard would "ensure that the technical advisor's role is properly limited to a tutoring function and providing technical education and background information in the technology to the court."  *Techsearch*, 286 F.3d at 1379.

The Order does <u>not</u> make clear to the technical advisor that any advice he gives to the Court cannot be based on any extra-record information (safeguard no. 4).[9]

The Order does <u>not</u> provide that Mr. Schulz shall make explicit, either through an expert's report or a record of *ex parte* communications, the nature and content of Mr. Schulz's advice (safeguard no. 5).[10]  The fact that the Court has not provided the

---

[8] In the portion of its Proposed Order accompanying its motion for clarification regarding technical consultants, Acacia proposed the following language to define and limit Mr. Schulz's role as a technical consultant: "1.  From time-to-time, at the request of the Court, Mr. Schulz will serve as an independent, neutral technical advisor for the Court to assist the Court to understand relevant technical evidence pertinent to the patents-in-suit.  Specifically, Mr. Schulz shall assist the Court in educating itself in the terminology and theory disclosed by the evidence as the Court deems necessary.  Mr. Schulz will act as a sounding board for the Court to think through the technological significance of the evidence, and will assist the Court in determining the validity of any scientific evidence, hypothesis or theory on which any other expert bases their testimony.  Mr. Schulz shall only provide advice that is consistent with generally accepted knowledge in the relevant area. . . . 3.  Mr. Schulz shall not:  a.  be an advocate on behalf of either party;  b.  contribute evidence, either by testimony or in writing, or render conclusions of law;  c.  offer to the Court an opinion about the ultimate legal issues in these actions, i.e., the construction of any claim term of any patent-in-suit, the validity of any claim of any patent-in-suit, or whether any of the claims of the patents-in-suit are infringed by the accused products;  d.  conduct any independent investigation of any issue pertinent to the litigation." (See, Acacia' Motion, at 18:8 – 20:2; Exhibit 9 to Block Decl.).

[9] The EchoStar defendants suggest revising the Order appointing Mr. Schulz to add language stating that Mr. Schulz should be limited to the information in the record.  (See, EchoStar Response at 7:1-2).  This revision would comply with the fourth safeguard set forth by Judge Tashima.

[10] In the portion of its Proposed Order accompanying its motion for clarification regarding technical consultants, Acacia proposed the following language to require that the nature and content of Mr. Schulz's communications to the Court be communicated to the parties:  "Consistent with the nature of his engagement, the Court has had, and anticipates having, direct *ex parte* communications with Mr. Schulz.  The Court shall provide the parties with a summary of the nature and scope of the advice given by Mr. Schulz during all such communications, both prior to this Order and subsequent to this Order (except comments by Mr. Schulz on drafts of the Court's own opinions).  Additionally, the Court has asked, and may in the future ask, Mr. Schulz to prepare written submissions for the court.  A copy of any such submission will be provided to the parties (except written comments by Mr. Schulz on

-11-

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

parties with a record of Mr. Schulz's communications to the Court (even after this has been requested by one of the parties) may exacerbate any concerns that the appellate court may have that Mr. Schulz played an improper role in the Court's decisions. *FTC v. Enforma*, 362 F.3d at 1214 ("The district court's failure to make a record of Dr. Heber's conclusions exacerbates our concern that Dr. Heber may have played an improper role in the district court's decision.")[11]

EchoStar contends that this safeguard is met by Mr. Schulz's invoices, which provide narrative entries, and suggests the Order be modified to require Mr. Schulz to continue providing such invoices. (EchoStar's Response, at 7:7-8). Mr. Schulz's "narrative entries" merely identify a task performed by Mr. Schulz, such as "claim construction analysis." Such narrative entries do not make explicit the nature and content of Mr. Schulz's advice. If anything, Mr. Schulz's invoice entries raise more questions than they answer: what claim terms did Mr. Schulz analyze? what was the construction he communicated the Court?

### A. The Fact that the Court Added the Limitations to the Order that Mr. Schulz is Precluded from Making Written Findings of Fact and From Supplying Evidence to the Court Are Insufficient

In both responses, defendants contend that the June 21 Order meets the procedural guidelines, because, in the Order, the Court has added limitations precluding Mr. Schulz from making any written findings of fact or supplying any

---

drafts of the Court's own opinions). Should any party believe that any such communication or written communication contains errors of fact, that party may so advise the Court in writing." (See, Acacia' Motion, at 20:5-18; Exhibit 9 to Block Decl.).

[11] *See also*, *AMAE*, 231 F.3d at 614 (Judge Tashima, dissenting) ("Whatever method the court employs in making a record of the technical advisor's advice and counsel, there is no reason why a neutral technical advisor's advice should be shrouded in absolute secrecy. Concealing the nature of that expert advice can only erode confidence in the court's role as a neutral and independent decisionmaker.")

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

evidence to the Court. (Coxcom's Response, at 4:4-6; EchoStar's Response, at 6:17-25).

While these provisions do provide some level of comfort, they are basically meaningless, given the Court's refusal to make explicit, either through an expert's report or a record of *ex parte* communications, the nature and content of Mr. Schulz's advice (safeguard no. 5). Without some record of communications from Mr. Schulz to the Court, Mr. Schulz can say anything he wants to the Court without the parties' knowledge. Neither the parties nor the appellate court will have any means of knowing whether Mr. Schulz and the Court have complied with this limitation. Given the evidence that we do have from Mr. Schulz's invoices showing that, at the Court's request, Mr. Schulz performed claim construction analysis and provided that to the Court, we now know the manner in which the Court has used Mr. Schulz previously, even in instances where designated as a technical consultant.

Further, the fact the Mr. Schulz will now also be required to provide a declaration stating that he will adhere to the terms of his appointment <u>before</u> he commences additional work is also of little use. Mr. Schulz cannot know now whether he will provide evidence in the future. Mr. Schulz is not an attorney and likely does not understand what constitutes "evidence." Further, because the Order does not set forth specifically Mr. Schulz's role as a technical advisor (as only a technology tutor, for example), Mr. Schulz will not sufficiently know the boundaries of his appointment. Presumably, Mr. Schulz has not read the relevant case law or the parties' legal briefs.

## IV. CONCLUSION

For the forgoing reasons, Acacia objects to the Court's appointment of Mr. Schulz, as set forth in the June 21, 2005 Order and respectfully requests that Acacia's proposed relief be granted and the Magistrate Judge submit a recommendation to Judge Ware indicating that the Court should only use Mr. Schulz as an expert under

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

Rule 706, Fed.R.Evid. or, if not, then indicating that the Court should not use a technical advisor in this case.

DATED: July 25, 2005                    HENNIGAN BENNETT & DORMAN LLP


By _____/s/_____
                    Roderick G. Dorman
                    Alan P. Block
                    Kevin I. Shenkman
          Attorney for Plaintiff
          ACACIA MEDIA TECHNOLOGIES
          CORPORATION

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-14-

**PROOF OF SERVICE**

I, Sylvia A. Berson, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California 90017.

On **July 25, 2005**, I served a copy of the within document(s) described as **PLAINTIFF ACACIA MEDIA TECHNOLOGIES CORPORATION'S REPLY TO DEFENDANTS' RESPONSES TO THE ORDER APPOINTING RAINER SCHULZ AS A TECHNICAL CONSULTANT** by transmitting via United States District Court for the Central District of California Electronic Case Filing Program the document(s) listed above by uploading the electronic files for each of the above listed document(s) on this date, addressed as set forth on the attached Service List.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 25, 2005**, at Los Angeles, California.

_____
/s/
Sylvia A. Berson

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

## SERVICE LIST

Juanita R. Brooks
Todd G. Miller
Fish & Richardson
12390 El Camino Real
San Diego, California 92130-2081
*Counsel for:*
*New Destiny Internet Group LLC; Audio*
*Communications; VS Media Inc.;*
*Ademia Multimedia LLC; Adult*
*Entertainment Broadcast Network;*
*Cyber Trend Inc.; Lightspeedcash; Adult*
*Revenue Services; Innovative Ideas*
*International; Game Link Inc.; Club*
*Jenna Inc.; CJ Inc.; Global AVS Inc.;*
*ACMP LLC; Cybernet Ventures Inc.*

Jonathan E. Singer
William R. Woodford
Fish & Richardson
60 South Sixth Street, Suite 3300
Minneapolis, Minnesota 55402
*Counsel for:*
*New Destiny Internet Group LLC; Audio*
*Communications; VS Media Inc. ;*
*Ademia Multimedia LLC; Adult*
*Entertainment Broadcast Network;*
*Cyber Trend Inc.; Lightspeedcash; Adult*
*Revenue Services; Innovative Ideas*
*International; Game Link Inc.; Club*
*Jenna Inc.; CJ Inc. ; Global AVS Inc.;*
*ACMP LLC; Cybernet Ventures Inc.*

Victor De Gyarfas
William J. Robinson
Foley & Lardner
2029 Century Park E, 35th Floor
Los Angeles, California 90067
*Counsel for:*
*International Web Innovations, Inc.*

Gary A. Hecker
James Michael Slominski
Hecker Law Group
1925 Century Park East, Suite 2300
Los Angeles, California 90067
*Counsel for:*
*Offendale Commercial Limited BV*

Mark D. Schneider
Gifford, Krass, Groh, Sprinkle, Anderson
   and Citkowski
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009-5394
*Counsel for:*
*Askcs.com Inc.*

Dan Fingerman
Mount & Stoelker, P.C.
River Park Tower, 17th Floor
333 W. San Carlos St.
San Jose, CA 95110
*Counsel for:*
*Askcs.com Inc.*

David Allen York
Latham & Watkins
135 Commonwealth Drive
Menlo Park, California 94025
*Counsel for:*
*AP Net Marketing Inc.; ICS Inc.*

Rachel Krevans
Jason A. Crotty
Paul A. Friedman
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
*Counsel for:*
*Echostar Satellite LLC; Echostar*
*Technologies Corporation; Echostar*
*Communications Corporation*

Annemarie A. Daley
Stephen P. Safranski
Robins Kaplan Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
*Counsel for:*
*Coxcom, Inc.; Hospitality Network, Inc.*

Richard R. Patch
J. Timothy Nardell
Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
*Counsel for:*
*Coxcom, Inc.; Hospitality Network, Inc.*

Jeffrey H. Dean
Kevin D. Hoag
Bradford P. Lyerla
Carl E. Myers
Marshall Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive,
Chicago, Illinois 60606
*Counsel for:*
*Charter Communications, Inc.;*
*Armstrong Group; East Cleveland TV*
*and Communications LLC; Massillon*
*Cable TV, Inc.; Wide Open West, LLC*

William R. Overend
Morgan D. Tovey
Reed Smith Crosby Heafey
Two Embarcadero Center, Suite 2000
San Francisco, California 94111
*Counsel for:*
*Charter Communications, Inc.*

Daralyn J. Durie
Joshua H. Lerner
David J. Silbert
Keker & Van Nest LLP
710 Sansome Street
San Francisco, California 94111
*Counsel for:*
*Comcast Cable Communications, LLC*

Maria K. Nelson
Victor G. Savikas
Jones Day Reavis & Pogue
555 West Fifth Street, Suite 4600
Los Angeles, California 90013-1025
*Counsel for:*
*DirecTV Group, Inc.*

Stephen E. Taylor
Taylor & Co. Law Offices, Inc.
One Ferry Building, Suite 355
San Francisco, California 94111
*Counsel for:*
*Mediacom Communications*
*Corporation*

Mitchell D. Lukin
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77022
*Counsel for:*
*Mediacom Communications*
*Corporation*

Jeffrey D. Sullivan
Michael J. McNamara
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, New York 10112
*Counsel for:*
*Mediacom Communications*
*Corporation*

Rebecca Anne Bortolotti
John Christopher Reich
Albert L. Underhill
Merchant & Gould
80 S. 8th Street, Suite 3200
Minneapolis, Minnesota 55402
*Counsel for:*
*Arvig Communications Systems;*
*Cannon Valley Communications, Inc.;*
*Loretel Cablevision; Mid-Continent*
*Media, Inc.; Savage Communications,*
*Inc.; Sjoberg's Cablevision, Inc.; US*
*Cable Holdings LP*

Sean David Garrison
Robert Francis Copple
Lewis & Roca LLP
40 N. Central Avenue
Phoenix, Arizona 85004-4429
*Counsel for:*
*Cable America Corp.*

C. Mark Kittredge
Perkins Coie Brown & Bain PA
P.O. Box 400
Phoenix, Arizona 85001-0400
*Counsel for:*
*Cable One Inc.*

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| 1 | Troy Blinn Forderman |
| | George Chun Chen |
| 2 | Bryan Cave LLP |
| | 2 N. Central Avenue, Suite 2200 |
| 3 | Phoenix, Arizona 85004-4406 |
| | *Counsel for:* |
| 4 | *Cable System Service Inc.* |

1  Troy Blinn Forderman
   George Chun Chen
2  Bryan Cave LLP
   2 N. Central Avenue, Suite 2200
3  Phoenix, Arizona 85004-4406
   *Counsel for:*
4  *Cable System Service Inc.*

Gregory T. Spalj
Fabyanske Westra & Hart PA
800 LaSalle Avenue, Suite 1900
Minneapolis, Minnesota 55402
*Counsel for:*
*Cable System Service, Inc.*

5  Patrick J. Whalen
   Spencer Fan Britt & Brown LLP
6  1000 Walnut Street, Suite 1400
   Kansas City, Missouri 64106
7  *Counsel for:*
   *NPG Cable Inc.*
8

Fritz Byers
520 Madison Avenue
Toledo, Ohio 43604
*Counsel for:*
*Block Communications, Inc.*

9  Clay K. Keller
   Buckingham, Doolittle & Burroughs
   50 South Main Street
10 Akron, Ohio 44308
   *Counsel for:*
11 *Nelsonville TV Cable, Inc.*
12

Melissa G. Ferrario
Barry S. Goldsmith
Gary H. Nunes
Womble Carlyle Sandridge & Rice
8065 Leesburg Pike, Fourth Floor
Tysons Corner, VA 22182
*Counsel for:*
*Nelsonville TV Cable, Inc.*

13 Christopher B. Fagan
   Fay Sharpe Fagan Minnich & McKee
14 1100 Superior Avenue, Seventh Floor
   Cleveland, Ohio 44114-2518
15 *Counsel for:*
   *Armstrong Group; East Cleveland TV*
16 *and Communications LLC; Massillon*
   *Cable TV, Inc.; Wide Open West, LLC*
17

Stephen S. Korniczky
Paul Hastings Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA 92130
*Counsel for:*
*Cebridge Connections*

18
19
20
21
22
23
24
25
26
27
28

494022\v1