

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/120,452 | 07/23/98 | YURT | P | 02473.0004 |

LM12/0625

HOWREY & SIMON
BOX NO. 34
1299 PENNSYLVANIA AVENUE, NW
WASHINGTON DC 20004-2402

| EXAMINER |
|---|
| LE, A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2734 | 8 |

**DATE MAILED:**
06/25/99

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

# *Office Action Summary*

| | |
|---|---|
| Application No. 09/120,452 | Applicant(s) Paul Yurt et al |
| Examiner Amanda T. Le | Group Art Unit 2734 |

[X] Responsive to communication(s) filed on *2/10/99*

[ ] This action is **FINAL.**

[ ] Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____3____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

## Disposition of Claims

[X] Claim(s) *33-59* _____ is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

[ ] Claim(s) _____ is/are allowed.

[X] Claim(s) *33-37 and 39-59* _____ is/are rejected.

[X] Claim(s) *38* _____ is/are objected to.

[ ] Claims _____ are subject to restriction or election requirement.

## Application Papers

[ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on _____ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on _____ is [ ] approved [ ] disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

## Priority under 35 U.S.C. § 119

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    [ ] All [ ] Some* [ ] None of the CERTIFIED copies of the priority documents have been

        [ ] received.

        [ ] received in Application No. (Series Code/Serial Number) _____.

        [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

## Attachment(s)

[ ] Notice of References Cited, PTO-892

[X] Information Disclosure Statement(s), PTO-1449, Paper No(s). ___5___

[ ] Interview Summary, PTO-413

[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

1.    Claims 33-59 are pending in this application. This Office Action supersedes the Office Action mailed on 03/05/99 which did not take into consideration of the Preliminary Amendment filed on 2/10/99.

## Double Patenting

2.    The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

3.    Claims  33-37, 39-59 are rejected under the judicially created doctrine of double patenting over claims 1-27 of U. S. Patent No. 5,132,992 since the claims, if allowed, would improperly extend the "right to exclude" already granted in the patent.

The subject matter claimed in the instant application is fully disclosed in the patent and is covered by the patent since the patent and the application are claiming common subject matters.

Furthermore, there is no apparent reason why applicants were prevented from presenting claims corresponding to those of the instant application during prosecution of the application which

matured into a patent. See *In re Schneller*, 397 F.2d 350, 158 USPQ 210 (CCPA 1968). See also MPEP § 804.

### *Claim Rejections - 35 USC § 102*

4.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

5.    Claims 33-37, 41-49 are rejected under 35 U.S.C. 102(e) as being anticipated by Tindell et al (submitted by Applicants, U.S. Patent no. 5,130,792).

Tindell et al's store and forward video system (Fig. 2, 3, 5-7) teaches the following claimed subject matters: "identification encoder" (46, or col. 3, lines 25-27); "compressed data library" (22); "transceiver" (col. 2, line 60-col. 3, line 3); "storage device" (76, 78); "user playback control" (72); "digital decompressor" (82); "playback device" (88, 126, col. 5, lines 55-58); "source material library" (24); "converter" (26); "compressor" (44); "format converter" (32, 33); "user request interface" (80, col. 2, line 60-col. 3, line 3); "output converter" (86, 88); "transmitter" (108).

## *Allowable Subject Matter*

6.      Claims 39 and 40 would be allowable if rewritten to overcome the double patenting rejection, set forth in this Office action and to include all of the limitations of the base claim and any intervening claims.

7.      Claims 50-59 would be allowable if rewritten or amended to overcome the double patenting rejection set forth in this Office action.

8.      Claims 38 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

## *Conclusion*

9.

**Any response to this action should be mailed to:**

> Commissioner of Patents and Trademarks
> Washington, D.C. 20231

**or faxed to:**

> (703) 308-9051, (for formal communications intended for entry)

**Or:**

(703) 308-6743, (for informal or draft communications, please label "PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II, 2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Amanda Le, whose telephone number is (703) 305-4769. The Examiner can normally be reached on Tuesday-Friday from 8:00 A.M. - 5:30 P.M. The examiner can also be reached on alternate Monday.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Stephen Chin, can be reached on (703)305-4714.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-4900.

June 22, 1999

*Amanda T. Le*
Primary Patent Examiner

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

Paul YURT *et al.*

| | |
|---|---|
| Appln. No.: 09/120,452 | Art Unit: 2734 |
| Filed: July 23, 1998 | Examiner: Le, A. |
| | Atty. Docket: 03047.0006.US04 |

For: Audio and Video Transmission and Receiving System

## Reply and Amendment Under 37 C.F.R. § 1.111

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

In response to the Office Action dated June 25, 1999, (PTO Prosecution File Wrapper Paper No. 8), Applicants submit the following Amendment and Remarks.

It is not believed that extensions of time or fees for net addition of claims are required beyond those that may otherwise be provided for in documents accompanying this paper. However, if additional extensions of time are necessary to prevent abandonment of this application, then such extensions of time are hereby petitioned under 37 C.F.R. §1.136(a), and any fees required therefor (including fees for net addition of claims) are hereby authorized to be charged to our Deposit Account No. 08-3038.

### *Amendments*

*In the Claims:*

Please amend claim 33 as follows:

33. (Amended) A communication system comprising:

a transmission system at a first location in data communication with a reception system at a second location, wherein said transmission system comprises

08/09/1999 TLUU11    00000002 09120452
02 FC:103                     288.00 OP

B

~~an identification encoder, and~~

a compressed data library in data communication with said identification

encoder, wherein said identification encoder gives items in said compressed data

library a unique identification code; and

wherein said reception system comprises

a transceiver in data communication with said transmission system,

a storage device in data communication with said transceiver,

user playback controls in data communication with said storage device,

a digital decompressor in data communication with said storage device, and

~~a playback device in data communication with said digital decompressor.~~

Please add the following new claims:

27 -- 60. A communication system comprising:

a transmission system at a first location in data communication with a reception

system at a second location, wherein said transmission system comprises

an identification encoder, wherein said identification encoder allows entry

of a popularity code; and

a compressed data library in data communication with said identification

encoder; and

wherein said reception system comprises

a transceiver in data communication with said transmission system,

a storage device in data communication with said transceiver,

user playback controls in data communication with said storage device,

a digital decompressor in data communication with said storage device, and

a playback device in data communication with said digital decompressor.

61. A communication system as recited in claim 60, wherein said transmission system further comprises:

a source material library storing a portion of at least one data file.

62. A communication system as recited in claim 61, wherein said transmission system further comprises:

a converter having a data input in data communication with said source material library and a digital data output.

63. A communication system as recited in claim 62, wherein said transmission system further comprises:

a data compressor in data communication with said digital data output of said converter.

64. A communication system as recited in claim 60, wherein said transmission system further comprises:

a compressed data formatting device in data communication with said identification encoder.

65. A communication system as recited in claim 60, wherein said transmission system further comprises a sequence encoder.

66. A communication system as recited in claim 65, wherein said sequence encoder transforms digital data blocks into a group of addressable data blocks.

67. A communication system as recited in claim 60, wherein said transmission system further comprises:

a transmitter in data communication with said compressed data library, wherein said transmitter sends at least a portion of a compressed data file to said reception system.

35

68. A communication system as recited in claim 60, further comprising:

a user request interface in data communication with said transmission system, wherein said user request interface enables a user to make a request for at least a portion of a data · file.

36

69. A communication system as recited in claim 68, wherein said reception system comprises said user request interface.

37

70. A communication system as recited in claim 60, wherein said reception system further comprises:

a receiver format converter in data communication with said transceiver, wherein said receiver format converter converts at least a portion of a data file into a format suitable for playback by a user.

38

71. A communication system as recited in claim 60, wherein said reception system further comprises:

an output data converter in data communication with said digital decompressor.

39

72. A communication system as recited in claim 60, wherein said storage device stores at least a portion of a data file.

40

73. A communication system as recited in Claim 60, wherein said storage device stores an entire data file.

52

74.      A communication system as recited in Claim 72, wherein said storage device is a temporary storage device.

75.      A communication system as recited in Claim 73, wherein said storage device is a temporary storage device.--

## Remarks

Reconsideration of this Application is respectfully requested.

Upon entry of the foregoing amendment, claims <u>33-75</u> are pending in the application, with <u>33, 50 and 60</u> being the independent claims. New claims <u>60-75</u> are sought to be added. These changes are believed to introduce no new matter, and their entry is respectfully requested.

Based on the above amendment and the following Remarks, Applicants respectfully request that the examiner reconsider all outstanding objections and rejections and they be withdrawn.

### Rejections Under 35 U.S.C. §102

The Examiner has rejected claims 33-37 and 41-49 under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent No. 5,130,792 to Tindell *et al.* ("the Tindell patent,"). Applicants believe the Examiner has misinterpreted the claim element of "identification encoder." In the application, the "identification encoder" is in data communication with a compressed data library and the identification encoder gives items in the compressed data library a unique identification code." *See* application page 22, ll. 3-14. The Examiner suggests that encoder 46 of the Tindell

patent teaches such a function. *See* Office Action ¶ 5, line 4. However, encoder 46 functions to

encrypt data and not to give a unique identification code. *See* the Tindell patent, col. 3, ll. 25-27.

Applicants have amended claim 33 to more clearly define the function of the identification

encoder of the present invention. Because of their dependence on independent claim 33, claims

34-38 and 41-49 are also allowable.

- Moreover, with respect to claim 44, the receiver format converter is in data

communication with a transceiver *in the reception system.* Such an element is not shown or

disclosed in the Tindell patent. The Examiner suggests that elements 32 and 33 [*sic*] of the

Tindell patent are analogous to Applicants' claimed format converter. *See* Office Action ¶ 5,

line 7. The Tindell patent discloses elements 32 and 34 as being located in the Central Data

Facility 10, and not in the reception system as claimed by the Applicants.

*Other Matters*

The Examiner has rejected claims 33-37 and 39-59 under the doctrine of obviousness-

type double patenting over claims 1-27 of U.S. Patent No. 5,132,992. Applicants submit

herewith a Terminal Disclaimer to Obviate a Double Patenting Rejection under 37 C.F.R.

§ 1.321(c). The filing of a terminal disclaimer to obviate a rejection based on nonstatutory

double patenting is not an admission of the propriety of the rejection. *Quad Environmental*

*Technologies Corp. v. Union Sanitary District*, 946 F.2d 870 (Fed. Cir. 1991) (the filing of a

terminal disclaimer simply serves the statutory function of removing the rejection of double

patenting, and raises neither a presumption nor an estoppel on the merits of the rejection);

M.P.E.P. § 804.02.

Applicants note with appreciation the Examiner's indication of allowable subject matter in claim 38. Accordingly, Applicants have added new claim 60 that incorporates the elements of original claims 33 and 38. Applicants have also added claims 61-74 that depend from new claim 60 and include the elements of claims 34-37 and 39-49. Because of their dependence on allowable claim 60, these claims are also allowable.

## Conclusion

All of the stated grounds of objection and rejection have been properly traversed, accommodated, or rendered moot. Applicants therefore respectfully request that the Examiner reconsider all presently outstanding objections and rejections and that they be withdrawn. Applicants believe that a full and complete response has been made to the outstanding Office Action and, as such, the present application is in condition for allowance. If the Examiner believes, for any reason, that personal communication will expedite prosecution of this application, the Examiner is invited to telephone the undersigned at the number provided.

Prompt and favorable consideration of this Amendment is respectfully requested.

Respectfully submitted,

Andrea G. Reister (Reg. No. 36,253)

Date: August 6, 1999

HOWREY & SIMON
Box No. 34
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
(202) 783-0800

B