**HENNIGAN, BENNETT & DORMAN LLP**
**RODERICK G. DORMAN (SBN 96908)**
**ALAN P. BLOCK (SBN 143783)**
**KEVIN SHENKMAN (SBN 223315)**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017**
**Phone: (213) 694-1200**
**Fax: (213) 694-1234**
dormanr@hbdlawyers.com
blocka@hbdlawyers.com
shenkmank@hbdlawyers.com

Attorneys for Plaintiff
ACACIA MEDIA TECHNOLOGIES CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ACACIA MEDIA TECHNOLOGIES CORPORATION | Case No. 05 CV 01114 JW<br>MDL No. 1665<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF ACACIA MEDIA TECHNOLOGIES CORPORATION'S MOTION FOR ENTRY OF JUDGMENT OF NONINFRINGEMENT AND INVALIDITY FOR INDEFINITENESS OF US PATENT NO. 6,144,702 AND CERTIFICATION PURSUANT TO FED. R. CIV. P. 54(B)**<br><br>**[LOCAL RULE 7-11]**<br><br>**DATE:** February 24, 2006<br>**TIME:** 9:00 A.M.<br>**CTRM:** Hon. James Ware |


CASE NO. 05-CV-01114 JW
MDL NO. 1665

[PROPOSED] ORDER GRANTING MOTION RE ENTRY OF JUDGMENT

On December 7, 2005, the Honorable James Ware issued the "Further Claim Construction Order; Order Finding Claims Terms Indefinite And Claims Invalid" ("Order"). In the Order, the Court found, among other things, the following:

1. that the claim term "sequence encoder," which appears in independent claims 1 and 17 and in dependent claims 18 and 32, of the '702 patent, is indefinite;

2. that the claim term "identification encoder," which appears in independent claims 1, 17, and 27 and in dependent claims 5, 6, 19, and 31 of the '702 patent, is indefinite; and

3. that the claim phrase "transmission system at a first location," which appears in independent claims 1, 17, and 27 of the '702 patent, means "a transmission system at one particular location separate from the location of the reception system."

Although this MDL proceeding involves claims for patent infringement by Acacia regarding five U.S. Patents, Nos. 5,132,992; 5,253,275; 5,550,863; 6,002,720, and the '702 patent, these claim terms – "sequence encoder," "identification encoder," and "transmission system at a first location" – appear only in the claims of the '702 patent.

The effect of the Court's finding that the term "sequence encoder" in claims 1, 17, 18, and 32 is indefinite and finding that the term "identification encoder" in claims 1, 17, and 27 is indefinite, if upheld on appeal, would be to render all of the claims of the '702 patent (claims 1-42) indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2. Further, the effect of the Court's construction of the phrase "transmission system at a first location" in claims 1, 17, and 27 of the '702 patent as meaning "a transmission system at one particular location separate from the location of the reception system," if upheld on appeal, would be to render all of the claims of the '702 patent (claims 1-42) not infringed by the transmission systems made, used, or sold by the defendants in this case.

THEREFORE, IT IS ADJUDICATED, as a matter of law, that Plaintiff Acacia shall take nothing as to all defendants listed below on its claim for infringement of its '702 patent, and that, as to all defendants listed below, the Court shall enter Judgment of: (1) invalidity of claims 1-42 for indefiniteness on the basis that the Court has found that the terms "sequence encoder" and "identification encoder" of claims 1-42 of the '702 patent are indefinite; and (2) non-infringement of claims 1-42 on the basis that the Court has construed the phrase "transmission system at a first location" to mean "a transmission system at one particular location separate from the location of the reception system," which would thereby cause claims 1-42 of the '702 to not be infringed by by defendants.  The entry of this Summary Judgment is without prejudice to Acacia's rights on appeal, without prejudice to Acacia asserting that claims 1-42 of the '702 patent are valid and infringed by defendants should Acacia prevail in its appeal, and without prejudice to Acacia's rights to assert any patent other than its '702 patent against any device or defendant.

There is no just cause for delay, and thus the Court directs entry of this judgment pursuant to Fed. R. Civ. P. Rule 54(b) in the cases listed below:

| **Separate N.D. Cal. Case Number** | **Defendant(s)** |
|---|---|
| 05-CV-01561 JW | Game Link, Inc. |
| 05-CV-01562 JW | Club Jenna, Inc. and CJ, Inc. |
| 05-CV-01563 JW | 1. Cybernet Ventures, Inc.<br><br>2. ACMP, LLC<br><br>3. Global Media Resources SA |
| 05-CV-01564 JW | Global AVS, Inc., dba DrewNet |
| 05-CV-01565 JW | 1. ICS, Inc.<br><br>2. AP Net Marketing, Inc. |

| **Separate N.D. Cal. Case Number** | **Defendant(s)** |
|---|---|
| 05-CV-01566 JW | National A-1 Advertising, Inc. |
| 05-CV-01568 JW | New Destiny Internet Group |
| 05-CV-01569 JW | Audio Communications |
| 05-CV-01570 JW | VS Media, Inc. |
| 05-CV-01571 JW | Ademia Multimedia, LLC |
| 05-CV-01572 JW | 1. International Web Innovations, Inc.<br><br>2. Offendale Commercial Ltd. BV |
| 05-CV-01573 JW | Adult Entertainment Broadcast Network |
| 05-CV-01574 JW | Cybertrend, Inc. |
| 05-CV-01575 JW | Lightspeedcash |
| 05-CV-01576 JW | 1. Adult Revenue Service<br><br>2. Innovative Ideas International<br><br>3. Global Intermedia, Inc.<br><br>4. Askcs.com, Inc. |
| 04-CV-02308 JW | 1. Comcast Cable Communications, LLC<br><br>2. Charter Communications, Inc.<br><br>3. The DIRECTV Group, Inc.<br><br>4. Echostar Technologies Corp.<br><br>5. Echostar Satellite LLC |

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

| **Separate N.D. Cal. Case Number** | **Defendant(s)** |
|---|---|
| | 6. Hospitality Network, Inc.<br><br>7. Coxcom, Inc. |
| 04-CV-03789 JW | Mediacom Communications Corporation |
| 05-CV-01399 JW | 1. Mid-Continent Media, Inc.<br><br>2. US Cable Holdings LP<br><br>3. Savage Communications Inc.<br><br>4. Loretel Cablevision<br><br>5. Arvig Communication System<br><br>6. Cannon Valley Communications, Inc.<br><br>7. Sjoberg's Cablevision, Inc. |
| 05-CV-01543 JW | 1. Armstrong Group<br><br>2. Block Communications, Inc, dba Buckeye Cable<br><br>3. Wide Open West LLC<br><br>4. Massillon Cable TV, Inc. |
| 05-CV-01598 JW | 1. Cable America Corporation<br><br>2. Cable One, Inc.<br><br>3. NPG Cable, Inc. |
| 05-CV-01703 JW | Cebridge Communications |

SO ORDERED.

Dated: _____

_____

James Ware

Presented by:

HENNIGAN BENNETT & DORMAN LLP

By: /s/ Alan P. Block
      Roderick G. Dorman
      Alan P. Block
      Kevin I. Shenkman

Attorney for Plaintiff
ACACIA MEDIA TECHNOLOGIES CORPORATION